**Fernando ESCOBAR, Plaintiff,**

v.

**Terri L. LANDWEHR and JCRAR, Defendants.**

No. 93–C–487–C.

United States District Court, W.D. Wisconsin.

Nov. 9, 1993.

Fernando Escobar, pro se.

David E. Hoel, Asst. Atty. Gen., Madison, WI, for Terri L. Landwehr and Joint Committee for the Review of Admin. Rules.

## OPINION AND ORDER

CRABB, Chief Judge.

In this civil action for declaratory relief, plaintiff claims that the Internal Management Procedures established by the Department of Corrections concerning the amount and types of property an inmate may possess violate the free exercise clause of the First Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution as well as Article 1, section 18 of the Wisconsin Constitution. Now before this court are the cross-motions for summary judgment of plaintiff and defendant Landwehr. I will grant summary judgment to defendant Landwehr on plaintiff's First Amendment claim because plaintiff has failed to put forth evidence that defendants impaired his ability to exercise his religion freely and on plaintiff's Fourteenth Amendment claim because the new policy does not infringe on a "property right" within the meaning of the due process clause. I will dismiss plaintiff's state law claim on the grounds that it is no longer appropriate to exercise supplemental jurisdiction in this case.[1]

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Indiana Grocery, Inc. v. Super Valu Stores, Inc.*, 864 F.2d 1409, 1412 (7th Cir.1989). In attempting to demonstrate that there is a genuine issue of material fact, the party opposing the motion may not rest upon the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Fisher v. Transco Services–Milwaukee, Inc.*, 979 F.2d 1239, 1242 (7th Cir.1992). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, all other facts are immaterial and summary judgment for the opposing party is proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *A.V. Consultants, Inc. v. Barnes*, 978 F.2d 996, 1002 (7th Cir.1992).

---

1. In this opinion, I discuss plaintiff's claims only as they relate to defendant Landwehr. Defendant JCRAR is not a real party in interest; it was named in the caption only because state law requires it when an administrative regulation is under attack. Wis.Stats. § 806.04(11). With the granting of summary judgment for defendant Landwehr on plaintiff's First and Fourteenth Amendment claims and the dismissal of plaintiff's claim under the Wisconsin Constitution, any claim against defendant Joint Committee for Review of Administrative Rules falls also. Therefore, I will order this case closed with regard to both defendants.

For the purpose of deciding the motions for summary judgment, I find that the following material facts are undisputed.

### FACTS

Plaintiff has been confined in Wisconsin penal institutions since November 1987. At all times relevant to this action, defendant Terri L. Landwehr was the administrator of the Division of Adult Institutions of the Department of Corrections. Defendant JCRAR is the Joint Committee for Review of Administrative Rules, a committee of the Wisconsin state legislature.

In the spring of 1992, the Department of Corrections concluded that it was necessary to revise the Internal Management Procedures that govern the quantity, source, and categories of personal property inmates are permitted to possess in adult institutions. On May 1, 1992, defendant Landwehr, who had department-wide management responsibility over the adult institutions, issued a memorandum to all inmates and staff concerning the changes in procedures governing inmate property. The memorandum stated, "We believe these property changes are necessary to safeguard inmate property and for the health and safety of inmates confined to our institutions and are in the overall best interests of the system."

The new procedures had the effect of eliminating some property previously permitted, placing limitations on some of the property allowed, standardizing property containers, and limiting the total amount of property allowed. Under the new procedure, inmates may possess only as much personal and state-issued property as would fit in a box no larger than 32″ × 16″ × 16″. Internal Management Procedure # 1 concerned the amount of personal property allowed; # 4 concerned the possession of printed material. The new procedures became effective on June 1, 1992, for all inmates entering penal institutions on or after that date. Inmates in the custody of the Department of Adult Institutions before June 1, 1992, were permitted to retain property forbidden under the procedures but already in their possession until June 1, 1993, or until transfer to another institution, whichever occurred first. This "grandfathering" policy was set out in Internal Management Procedure # 28. Property disallowed under the revised procedures could be sent out of the institution by mail or with visitors. In addition to the Internal Management Procedures, inmates are required to comply with the property rules of individual institutions.

Under the new procedure, fans may not have metal blades or safety guards. Plaintiff's fan had metal blades or safety guards. It was disposed of on February 13, 1993.

On April 13, 1993, plaintiff was transferred from the Green Bay Correctional Institution to the Oshkosh Correctional Institution. Some of plaintiff's property did not conform to the property rules of the institution or to the Internal Management Procedures. Plaintiff's tennis shoes and towels were in excess of the number allowed under Oshkosh's property rules and the belt plaintiff had with him was not permitted under the institution's property rules because it was not issued by the institution. Plaintiff had in his possession more than the twenty-five publications permitted under the procedures. Plaintiff's crucifix was not permitted. In addition, plaintiff was not permitted to keep three-ring binders, an extension cord, and two television antennas. Plaintiff chose to ship his non-conforming personal property out of the institution by mail.

All inmates at Oshkosh Correctional Institution are provided with an opportunity to participate in regularly scheduled religious services. Inmates may also attend religion classes and may obtain individual religious counseling upon request. There is a crucifix on the wall of the Oshkosh's chaplain's office and one in the Oshkosh chapel. Inmates are permitted to possess a rosary provided by the chapel. The rosary has a small crucifix attached to it.

### OPINION

#### A. First Amendment Religious Rights

■ Incarcerated inmates retain protections afforded by the First Amendment, including the directive that no law shall prohibit the free exercise of religion. However,

these rights are limited by the fact of incarceration and by valid penological objectives, such as rehabilitation, deterrence and security. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987).

Plaintiff contends that the Internal Management Procedure prohibiting inmates from possessing crucifixes violates his First Amendment right to the free exercise of religion. The identity of plaintiff's religion has not been proposed as a fact by either plaintiff or defendant Landwehr. However, it is apparent from the briefs that defendant believes plaintiff to be a Catholic and that plaintiff considers himself a non-Catholic Christian. In any event, although plaintiff states in his brief that he derives great spiritual value from crucifixes, he has failed to put forward any facts demonstrating that the personal possession of a crucifix not attached to a rosary is essential to the exercise of his religion. Accordingly, I will grant summary judgment to defendant Landwehr on plaintiff's claim that his First Amendment rights were violated because he was not permitted to retain his crucifix under the Internal Management Procedure.

### B. Due Process

Plaintiff claims that he was deprived of his property without due process of law when he was forced to ship items out of Oshkosh Correctional Institution and when his fan was destroyed at Green Bay Correctional Institution pursuant to the new Internal Management Procedures. Although plaintiff contends that his fan was disposed of on February 15, 1993, pursuant to the new policy, the facts show that inmates in the system before June 1, 1992, could retain that property then in their possession but not permitted under the new policy until June 1, 1993, or until they were transferred. Plaintiff was not transferred until April 1993. Furthermore, the policy does not mandate that disallowed property be destroyed; it may be sent out of the institution. Plaintiff has not shown that the fan was destroyed because of the operation of the Internal Management Procedures. Therefore, his action for a declaratory judgment that the procedures are

unconstitutional under the due process clause rests solely on the forced shipment of items out of Oshkosh Correctional Institution after his transfer.

To succeed on his claim that the Internal Management Procedures' limitations on the personal property plaintiff is allowed to possess violate his right to procedural due process, plaintiff must show first that he has a "legitimate claim of entitlement" to the property. *See Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) ("[t]o have a property interest ... a person clearly must have more than an abstract need or desire"); *Scott v. Village of Kewaskum,* 786 F.2d 338, 339 (7th Cir.1986). The Court of Appeals for the Seventh Circuit defines a property right as that which is "securely and durably yours under ... law, as distinct from what you hold subject to so many conditions as to make your interest meager, transitory or uncertain." *Long Grove Country Club Estates, Inc. v. Village of Long Grove,* 693 F.Supp. 640, 653 (N.D.Ill. 1988) (quoting *Reed v. Village of Shorewood,* 704 F.2d 943, 948 (7th Cir.1983)). Because the Constitution does not create property interests, plaintiff must identify a state law or other independent source of law that creates the entitlement. *Thornton v. Barnes,* 890 F.2d 1380, 1386 (7th Cir.1989). When state law vests permission to possess or obtain certain property in an official's discretion rather than the application of concrete rules, "there is no property." *Scott,* 786 F.2d at 340.

Plaintiff attempts to find property rights in the Wisconsin Statutes and the Wisconsin Administrative Code. He cites Wis.Stats. § 301.32, which states in relevant part, "All money including wages and other property delivered to an officer or employee of any institution for the benefit of a prisoner shall be delivered to the steward, who shall enter the property upon his or her books to the credit of a prisoner. The property may be used only under the direction and with the approval of the superintendent or warden...." This statute does not create a property interest in items forbidden under the new policy because such items have not been "delivered" to prison employees "for the

benefit" of inmates. Plaintiff also cites Wis.Admin.Code § DOC 309.35, which reads:

(1) Inmates are permitted to have personal property in their possession in an institution in accordance with this section and policies made by the institution pursuant to this section.

(2) Each institution shall keep a written list of the personal property items permitted at that institution. This list shall be reviewed and, if appropriate, revised every 6 months. The list and any changes in it must be approved by the administrator of the division of adult institutions.

(3) The following are permissible methods by which personal property may be obtained by an inmate, subject to institution approval:

(a) Purchase from canteen;

(b) Purchase from approved retail outlets;

(c) Gifts from friends and relatives brought in on visits;

(d) Other methods approved by the institution.

(4) Each institution shall make written policies approved by the administrator of the division of adult institutions that:

(a) Provide the approved methods for inmates to obtain personal property at the institutions;

(b) Provide for records of inmate personal property;

(c) Provide for the storage of personal property; and

(d) Specify limitations as to the specifications and number of particular items, such as television sets, rings, radios, and phonographs.

(5) Items not permitted at an institution or permitted but not on the inmate's property list are contraband. They may be seized in accordance with these rules. An inmate may be subject to discipline for possessing contraband.

■ As plaintiff contends, the appendix to this section of the administrative code states that § DOC 309.35 "provides authority for inmates to have personal property in correctional institutions." However, the appendix provides that in order to achieve "the desired flexibility," institution officials have a mandate to dictate what property is permitted. The rule itself states explicitly that inmates' permission to have a given item exists only to the extent that an institution's policy grants it and that the list of allowed property formulated by the institution is subject to frequent revision by officials at their discretion. As the Court of Appeals for the Seventh Circuit has held, there is no "property right" in an item or benefit under the Fourteenth Amendment when whether an individual may have possession of it is left solely to the discretion of officials. *Scott,* 786 F.2d at 340; *see also Richards v. Cullen,* 152 Wis.2d 710, 713, 449 N.W.2d 318 (Ct.App.1989) ("prison administrative rules are not enacted for the benefit of individual inmates and do not create in them any liberty or property interests."). Therefore, the statutes and rules pointed to by plaintiff do not give rise to a property right. I have found no statutes, rules or other "independent source of law" that do so.

■ That plaintiff believed he would be allowed to retain those items in his possession before the implementation of the new Internal Management Procedures does not grant him a property right in those items. "Mere desire or expectation ... falls short of a constitutionally protected property interest." *Cohen v. City of Des Plaines,* 742 F.Supp. 458, 470 (N.D.Ill.1990), *rev'd on other grounds,* 8 F.3d 484 (7th Cir.1993). I find nothing in the statute or regulations cited by plaintiff that could have given rise to this expectation; indeed, they specify that the possession of any given personal item is at the discretion of officials and that all items not on a list of permitted property may be seized as contraband.

■ Similarly unavailing is plaintiff's contention that the regulation violates his due process rights because those items sent out of the institution will no longer be useful by the time he is released or will be destroyed by his family. Neither the length of plaintiff's sentence nor the possibility that his family will grow impatient with storing his property can be attributed to the Internal Management Procedures. Accordingly, I

will grant summary judgment to defendant Landwehr on plaintiff's claim that his due process rights were violated by the revised property policy instituted by the Department of Corrections.[2]

### C. Claims under the Wisconsin Constitution

■ Plaintiff contends that the Internal Management Procedures violate his rights under the Wisconsin Constitution. Because I am granting summary judgment against plaintiff on his federal claims, this is the only remaining claim. When federal claims are dismissed before trial, the decision to exercise pendent jurisdiction over state law claims is a matter of discretion for the court. 28 U.S.C. § 1367(c). I decline to exercise supplemental jurisdiction in this case. Claims that arise under the state constitution should be pursued in state courts rather than in federal court. Therefore I will dismiss plaintiff's state law claim; he may pursue it in state court if he wishes.

### ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is DENIED and defendant Landwehr's motion for summary judgment is GRANTED on plaintiff's claims that his rights under the First and Fourteenth Amendments were violated by the promulgation and implementation of the Division of Adult Institution's Internal Management Procedures and that plaintiff's state law claim is DISMISSED. Plaintiff's claims against defendant JCRAR are DISMISSED on the court's own motion. The clerk of court is ordered to enter judgment for defendants and close this case.

---

**2.** Plaintiff's complaint does not mention the property rules of any individual institution. In his reply brief, plaintiff disavows any intention of challenging the removal of his property pursuant to Oshkosh Correctional Institution rules rather than under the Internal Management Procedures. I have found as fact that plaintiff was not permitted to possess his belt, towels and tennis shoes at Oshkosh because of that facility's rules. However, despite plaintiff's disavowal, he refers frequently to the removal of these items as violative of his due process rights. If this is an indication that plaintiff is indeed challenging the Oshkosh rules, the above analysis applies; that is, defendant is entitled to summary judgment on any claim by plaintiff that the Oshkosh policy violated his due process rights because plaintiff does not have a property right in his belt, towels and shoes under the Fourteenth Amendment.