Rodney TAYLOR, Petitioner–Appellant,

v.

Thomas A. COUGHLIN, Commissioner, Department of Corrections; Frederick Richardson, Superintendent of Cayuga Correctional Facility; Richard Delfacor and Charles G. Casper, employed at the Cayuga Correctional Facility, Respondents–Appellees.

No. 1116, Docket 93–2675.

United States Court of Appeals, Second Circuit.

Submitted June 24, 1994.

Decided June 29, 1994.

Rodney Taylor, pro se.

G. Oliver Koppell, Atty. Gen. of the State of N.Y., Albany, NY (Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, and Daniel Swirlock, Asst. Attys. Gen., of counsel), for defendants-appellees.

Before FEINBERG and MAHONEY, Circuit Judges, and KRAM, District Judge *.

PER CURIAM:

Petitioner-appellant Rodney Taylor appeals *pro se* from a summary judgment entered September 10, 1993 in the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., *Judge*, that adopted a report and recommendation of Magistrate Judge David N. Hurd entered August 18, 1993 in the same court. The magistrate judge recommended the entry of summary judgment dismissing Taylor's civil rights claims. For the reasons that follow, we affirm.

On October 21, 1991, Taylor filed this action pursuant to 42 U.S.C. § 1983, alleging that New York State Directive 4911, which prohibits possession by inmates of typewriters with memory capacity in excess of 5,000 bytes, (1) violates the Fourteenth Amendment's guarantee of due process by denying prisoners access to the courts, and (2) violates inmates' First Amendment rights of free speech.

Taylor had permission to possess a Smith–Corona electric typewriter that complied with Directive 4911. However, it was discovered following a return of the typewriter from a

---

* The Honorable Shirley Wohl Kram, United States District Judge for the Southern District of New York, sitting by designation.

Smith–Corona repair facility that the typewriter mailed to Taylor had a memory capacity of 16,000 bytes,[1] which exceeded the limit allowed by Directive 4911. Prison officials required Taylor to send the typewriter to a location outside of the correctional facility. Taylor seeks damages and a declaratory judgment that Directive 4911 infringes upon his First and Fourteenth Amendment rights.

 As Magistrate Judge Hurd noted, although the Supreme Court determined in *Bounds v. Smith,* 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496–97, 52 L.Ed.2d 72 (1977), that due process requires that prisoners have access to paper, pens, notarial services, stamps, and adequate library facilities, this court has ruled that there is "... no constitutional right to a typewriter as an incident to the right of access to the courts." *Wolfish v. Levi,* 573 F.2d 118, 132 (2d Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). If prison inmates do not enjoy a constitutional right to typewriters as implements of access to the courts, it would be illogical for us to rule that there is a constitutional right to typewriters of a specific memory capacity. Taylor's neatly handwritten submissions in this case evidence the ability of inmates to access the courts in the absence of typewriters (much less typewriters with a memory capacity in excess of 5,000 bytes).

Taylor also argues that Directive 4911 created a constitutionally protected liberty interest in an inmate's possession of electronic typewriters. Assuming *arguendo* that this is so, Directive 4911 does not grant any inmate the right to possess a typewriter with a memory capacity in excess of 5,000 bytes, and accordingly does not sustain Taylor's position.

 Magistrate Judge Hurd also opined, and we agree, that Directive 4911 does not infringe upon an inmate's First Amendment rights. We have not ruled previously on this precise issue, but the Ninth Circuit has done so. In *Sands v. Lewis,* 886 F.2d 1166 (9th Cir.1989), a prison inmate argued that the prison authorities, by refusing to allow him to retain in his cell a typewriter above a certain memory capacity, violated his First Amendment free speech rights. The Ninth Circuit ruled that these rights were not impinged by this non-content-based typewriter restriction. *Id.* at 1172. So here, New York imposes no content-based restrictions on inmate speech, but only seeks to regulate the means by which inmates may record their speech.

Taylor argues, as did the inmate in *Sands,* that the Supreme Court's decision in *Procunier v. Martinez,* 416 U.S. 396, 413–14, 94 S.Ct. 1800, 1811–12, 40 L.Ed.2d 224 (1974),[2] precludes prison administrators from restricting an inmate's freedom of speech without a reasonable penological justification. *See also Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 2261–63, 96 L.Ed.2d 64 (1987). We agree with *Sands,* however, that the threshold of an infringement upon constitutional rights is not crossed, so the issue of justification need not be addressed.

The judgment of the district court is accordingly affirmed.

---

1. As Magistrate Judge Hurd noted, it is unclear how or when the typewriter with excessive memory was substituted for the approved typewriter.

2. We note that *Procunier* was partially overruled in *Thornburgh v. Abbott,* 490 U.S. 401, 413–14, 109 S.Ct. 1874, 1881–82, 104 L.Ed.2d 459 (1989).