**A.J. WENZLER, Plaintiff,**

v.

**WARDEN OF G.R.C.C., et al., Defendants.**

**Civil Action No. 3:96cv105.**

United States District Court, E.D. Virginia, Richmond Division.

June 25, 1996.

A.J. Wenzler, pro se.

Jill Theresa Bowers, Office of the Attorney General, Commonwealth of Virginia, Richmond, VA, for defendants.

## MEMORANDUM

MERHIGE, District Judge.

A.J. Wenzler, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*,

brings this 42 U.S.C. § 1983 action. He seeks injunctive relief. The defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## STANDARD FOR A MOTION TO DISMISS

■ Rule 12(b)(6) allows a court to dismiss claims based on dispositive issues of law. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A 12(b)(6) motion cannot be granted as a matter of law unless "it is clear that no relief could be granted under any set of facts that could prove consistent with the allegations." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (as cited in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The court presumes all factual allegations in the complaint to be true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994). However, the court is not bound to accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir. 1995). And, the court will not develop tangential claims when the essence of the complaint concerns another issue. *Beaudett v. Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

## SUMMARY OF FACTS

The following facts are established in Wenzler's complaint, the accompanying affidavit and the relevant portions of the Virginia Department of Corrections Operating Procedures ("DOP"). On January 1, 1996, the Department of Corrections ("DOC") amended the guidelines governing the possession of personal property by inmates. Inmates may now only possess property authorized by DOP 856. Inmates have until January 1, 1997, to make arrangements for any current property that will no longer be authorized. An inmate may (1) send the unauthorized property to a friend or relative; (2) have a friend or relative pick up the unauthorized property; (3) donate the unauthorized prop-

erty to charity; or (4) request that the property be destroyed. If an inmate fails to make timely arrangements for the disposition of unauthorized property, it will be confiscated by the state.

Wenzler is currently confined in the Greensville Correctional Center (GCC). His religious beliefs require him to be on a Kosher diet. GCC does not offer a Kosher diet so he will have to be transferred to another correctional facility. The DOC will only move personal property which complies with DOP 856 to another correctional facility. The DOC will hold non-conforming property for thirty (30) days while an inmate arranges for its disposal. Wenzler currently possesses a typewriter which he uses for preparing legal documents for himself and other inmates. DOP 856 does not permit Wenzler to retain the typewriter.

Wenzler alleges the new personal property policy in conjunction with a potential transfer to another institution will force him to forfeit his typewriter sometime between January 1, 1996 and January 1, 1997. Wenzler asserts his potential transfer and forfeiture of property will deny him access to the courts and violate the Due Process and Equal Protection Clauses of the United States Constitution. Wenzler requests injunctive relief.

## ACCESS TO THE COURTS

■ An inmate's constitutional right of access to the courts includes a duty on the part of his jailers to provide him with an adequate law library or legal counsel. *Bounds v. Smith,* 430 U.S. 817, 838, 97 S.Ct. 1491, 1503, 52 L.Ed.2d 72 (1977). The right of access to the courts does not encompass a right to possess a typewriter. *Taylor v. Coughlin,* 29 F.3d 39, 40 (2nd Cir.1994); *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989). Additionally, Wenzler has failed to state with any specificity how he would be injured if he was denied access to his typewriter. *Strickler v. Waters,* 989 F.2d 1375, 1383–84 (4th Cir.1993), *cert. denied,* 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). Wenzler's claim that he will be denied access to the courts if his typewriter is confiscated will be dismissed.

## DUE PROCESS

██ The Due Process Clause applies when government action deprives an individual of a liberty or property interest. *Board of Regents v. Roth*, 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Thus, the first step in analyzing a procedural due process claim is identifying whether the alleged deprivation impacts such a protected interest. *Arney v. Simmons*, 923 F.Supp. 173, 177 (D.Kan.1996). Protected property interests are not created by the Constitution, but rather, "stem from an independent source, such as state law-rules" or regulations which create a "legitimate claim of entitlement" to the property. *Board of Regents*, 408 U.S. at 577, 92 S.Ct. at 2709. In addressing the due process claim of an inmate challenging a Wisconsin prison regulation the district court held:

> A property right is that which is "securely and durably yours under . . . law, as distinct from what you hold subject to so many conditions as to make your interest, meager transitory or uncertain." *Long Grove Country Club Estates, Inc. v. Village of Long Grove*, 693 F.Supp. 640, 653 (N.D.Ill.1988) (quoting *Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir. 1983)). Because the Constitution does not create property interests, plaintiff must identify the state law or other source of law that creates the entitlement. *Thornton v. Barnes*, 890 F.2d 1380, 1386 (7th Cir.1989). When state law vests permission to possess or obtain certain property in an official's discretion rather than the application of concrete rules, "there is no property." *Scott [v. Village of Kewaskum]*, 786 F.2d [338] at 340 [ (7th Cir. 1986) ].

*Escobar v. Landwehr*, 837 F.Supp. 284, 288 (W.D.Wis.1993). For inmates, state laws create a protected property interest if mandatory language in the law or regulation substantively restricts the discretion of state officials.. *Arney*, 923 F.Supp. at 177 (citing *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)).[1]

██ Here, Wenzler claims he has a right to possess a typewriter while incarcerated. No one challenges Wenzler's separate and distinct right to own a typewriter.[2] The pertinent Virginia statutes gives the Director of the Virginia Department of Corrections the authority to promulgate rules regarding the governance of prisons and to confiscate any item of personal property which is prohibited by the Director. Va.Code §§ 53.1–25 and 53.1–26; *see Hanvey v. Blankenship*, 474 F.Supp. 1349, 1350 (W.D.Va.1979). The new DOP and its predecessor reflect that the possession of all personal property is a privilege which may be withdrawn at the discretion of prison officials. *See* DOP 856, IV, effective date February 15, 1982, amended by DOP 856, effective date January 1, 1996. Since a Virginia inmate's entitlement to possess personal property is always subject to the absolute discretion of the Director, Wenzler cannot establish a possessory interest in his typewriter which is protected by the Due Process Clause. *Escobar*, 837 F.Supp. at 288; *Rosson v. Weatherholtz*, 405 F.Supp. 48, 50 (W.D.Va.1975).

## EQUAL PROTECTION

██ Wenzler alleges that he was discriminated against by the defendants. The court presumes Wenzler is attempting to allege a violation of his rights under the Fourteenth Amendment's Equal Protection Clause. The Equal Protection Clause requires that similarly situated persons be treated similarly. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). When alleging an equal protection violation, a plaintiff must make more than a threshold

---

**1.** This approach has been abandoned in assessing whether an inmate has a protected liberty interest in the prison setting. *See Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). But, *Sandin* has not been extended to the examination of state law for the creation of a protected property interest. *Arney*, 923 F.Supp. 173, n. 4 (citing, *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir.1995).

**2.** The court notes that Department of Corrections has provided the inmates a means to maintain title to nonconforming property. The withdrawal of the privilege to possess the property does not amount to an automatic forfeiture of title to the nonconforming property.

showing that he and the comparator inmate were treated differently and were similarly situated. He must also show that the different treatment was the result of intentional discrimination. The Supreme Court made it clear in *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977), that "[p]roof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." Although a plaintiff does not have to make an evidentiary showing at this stage, "[c]onclusory allegations of discrimination ... not supported by any reference to particular acts, practices, or policies" are insufficient to state a claim of discrimination under § 1983. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). Here, Wenzler has not alleged that he was treated differently than any other inmate. The defendants' motion to dismiss will be GRANTED. The action will be DISMISSED.