104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jason B. NICHOLAS, Plaintiff-Appellant,
v.
Dominic J. MANTELLO, Superintendent, Coxsackie Correctional
Facility, Defendant-Appellee.
 No. 96-2391.
 United States Court of Appeals, Second Circuit.
 Oct. 20, 1996.
 
 ON THE BRIEF FOR APPELLANT: Jason B. Nicholas, Pro Se, Woodbourne, N.Y.
 ON THE BRIEF FOR APPELLEE: Andrea Oser, Assistant Attorney General of the State of New York, Albany, N.Y.
 N.D.N.Y.
 AFFIRMED IN PART, VACATED IN PART.
 Before FEINBERG, LEVAL and PARKER, Circuit Judges.
 SUMMARY ORDER
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was submitted.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED in part, VACATED in part and REMANDED.
 
 
 1
 Prisoner plaintiff Jason B. Nicholas appeals from the district court's grant of summary judgment dismissing his § 1983 action against defendant Dominic Mantello, Superintendent of the Coxsackie Correctional Facility. 42 U.S.C. § 1983. Nicholas brought this action to challenge the defendant's suspension of inmates' use of the prison law library computers after learning that Nicholas had used a computer to file grievances. Nicholas contends that this suspension, which lasted about two weeks, violated his constitutional right of access to the courts and constituted illegal retaliation for filing the grievances. In support of his motion for summary judgment, the Superintendent submitted his affidavit that the computers had been provided to the prison by the Mid-Hudson Library System exclusively for accessing library materials and maintaining library inventory, and that he freed one of the computers for prisoners' use after ascertaining that the other computer would suffice for library needs. The district court entered summary judgment for the defendant, ruling that Nicholas had no constitutionally protected right to use the computers and that his allegations of retaliation were conclusory.
 
 
 2
 We agree with the district court that plaintiff's constitutional right to access to the courts was not violated by the computer suspension because that right does not include the right to use computers. Nicholas had access to a typewriter during the computer suspension. See Taylor v. Coughlin, 29 F.3d 39, 40 (2d Cir.1994); Wolfish v. Levi, 573 F.2d 118, 132 (2d Cir.1978), rev'd on other grounds sub nom. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979). Accordingly, we affirm that aspect of the judgment.
 
 
 3
 With respect to the retaliation claim, however, we believe the district judge applied the wrong legal standard in holding that Nicholas's claim must fail because the computer suspension was not in itself a constitutional violation. "[A] claim for relief may be stated under section 1983 if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights." Gill v. Mooney, 824 F.2d 192, 194 (2d Cir.1987) (citing Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir.1986) (per curiam). The essence of Nicholas's retaliation claim is that the decision to suspend computer use was made to punish him for exercising his right to file grievances. To prevail, he need not show that the suspension of computer use standing alone would have been unconstitutional.
 
 
 4
 Furthermore, we do not agree with the district court's conclusion that Nicholas presented no triable issue of fact on his claim that the computer suspension was imposed in retaliation for his grievances. Mantello does not dispute that his discovery that Nicholas had typed grievances on a computer led to his action suspending computer use. Though Mantello has submitted a sworn declaration offering a plausible, legitimate explanation for the suspension, he has pointed to no prison regulation or other documentary evidence confirming his assertion about the limitations on computer use. Nor has he submitted any affidavits other than his own as to what information was furnished to him in the investigation. As Nicholas disputes the defendant's good faith concerning his reason for suspending inmate use of the computers, the record leaves a disputed question of fact. See Flaherty v. Coughlin, 713 F.2d 10, 12-F13 (2d Cir.1983) (In a § 1983 retaliation suit against prison officials, caution should be exercised in granting summary judgment where state of mind is in issue, notwithstanding that defendant has furnished a plausible nonretaliatory explanation.) Nor do we agree that Nicholas's allegations were excessively conclusory. We thus vacate the judgment which summarily dismissed the retaliation claim.
 
 
 5
 We do not preclude the possibility that a renewed and supplemented submission might dispel any material issue of fact for trial. The submission of additional affidavits and/or documentation relating to restrictions originally placed on the computers' use, or to the investigation conducted and the investigator's report to the Superintendent, might make summary judgment appropriate. On the existing record, however, we believe summary judgment should not have been granted.
 
 
 6
 The judgment of the district court is AFFIRMED in part and VACATED in part and REMANDED.