106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alvin HEGGE, Plaintiff-Appellant,
v.
Tommy THOMPSON, et al., Defendants-Appellees.
 No. 95-1645.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Jan. 06, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Alvin Hegge, a Wisconsin state prisoner, filed several pro se complaints against state officials under 42 U.S.C. §§ 1983 and 1985. In each of these cases, Hegge sought leave to proceed in forma pauperis (IFP) as provided by 28 U.S.C. § 1915. The district court denied IFP status, dismissed the actions as frivolous (and in some cases malicious as well), and further stated that "any lawsuit which attempts to relitigate the matters addressed [in this order] will be dismissed at the outset." Hegge filed nine appeals from the judgment; eight have been dismissed by this court in prior orders. We now decide the remaining appeal.
 
 
 2
 In the complaint at issue, Hegge challenged regulations authorizing the Wisconsin Department of Corrections to withhold fifteen percent of an inmate's money for a release fund, attacked other regulations limiting possession of personal property, and alleged limits on prisoner access to the courts. Hegge requested declaratory, injunctive, and monetary relief on behalf of himself and nearly two hundred other inmates. The district court correctly determined that Hegge, as the only person to sign the complaint, was the only plaintiff. See Fed.R.Civ.P. 11(a).[1] It appears that Hegge thought he was bringing a class action. See Fed.R.Civ.P. 23. However, Hegge failed to show that he could satisfy all of the requirements of Rule 23--for instance, that he would adequately and fairly protect the interests of the class. And, likely because Hegge thought he was suing on behalf of many inmates, he did not allege any specific injury or imminent threat of injury to himself. He does not say whether he has been or will be deprived of anything (for instance, items of personal property) by the enforcement of the challenged regulations. Without such allegations, Hegge cannot show standing to sue. See Lewis v. Casey, 116 S.Ct. 2174, 2179 (1996); Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982).
 
 
 3
 From a procedural standpoint, Hegge's case is much like Beauchamp v. Sullivan, 21 F.3d 789 (7th Cir.1994). In Beauchamp, as here, the district court dismissed the suit as frivolous, pursuant to 28 U.S.C. § 1915(d).[2] Id. at 790. The dismissal in Beauchamp was expressly with prejudice, barring the plaintiff from refiling the suit. Id. In Hegge's case, similarly, the district court's order barred "any lawsuit which attempts to relitigate the matters addressed [in this order]." Hegge, like Beauchamp, was uncounseled, and may not have realized that "he had to allege an injury to himself, and merely took for granted that the court would assume" that he had suffered or was about to suffer injuries of the types suggested by the complaint. Id. We noted in Beauchamp that "if we affirmed the dismissal of the suit with prejudice on the ground of lack of standing, we would be barring [the plaintiff] on the basis of what may well be a pleading error rather than a fatal deficiency in the suit." Id. Accordingly, instead of affirming for lack of standing, we examined the merits of the case and affirmed on the ground that the case was frivolous. Id. at 790-91.
 
 
 4
 Beauchamp does not imply that we can determine that a plaintiff who has failed to make allegations necessary to show standing nevertheless has presented nonfrivolous claims. On the contrary: because Hegge failed to show standing, the district court could not have abused its discretion in deciding that the complaint was frivolous. See id. at 790. We conclude that we have two options in Hegge's case: 1) affirm the dismissal with prejudice because the district court appropriately determined the complaint frivolous regardless of the issue of standing, or 2) if the only appropriate basis for determining the complaint frivolous was the lack of standing, affirm and modify to a dismissal without prejudice so that Hegge is not barred from refiling the suit.
 
 
 5
 Before we consider the merits of the case, there is another jurisdictional issue that we cannot bypass. In 1994, during the pendency of this action in the district court, Hegge was transferred from Waupun Correctional Institution (WCI) to Green Bay Correctional Institution (GBCI). Hegge is still at GBCI, and there is no indication in the record or briefs that he is likely to be transferred back to WCI. Therefore, Hegge's claims for declaratory and injunctive relief are moot as to officials at WCI. Higgason v. Farley, 83 F.3d 807, 811 (7th Cir.1996) (per curiam) (citing cases).
 
 
 6
 Turning to the merits, Hegge alleges in his complaint that the procedures by which the challenged regulations were formulated violated state rulemaking procedures, and that the administrative agencies lacked authority under state law to issue the regulations. However, the federal constitution does not require state officials to follow state law or procedures. See Gosnell v. City of Troy, Illinois, 59 F.3d 654, 658 (7th Cir.1995) (citing cases); Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1081 (7th Cir.1987) (citing cases), cert. dismissed, 485 U.S. 901 (1988). Hegge's suggestions to the contrary are frivolous.
 
 
 7
 Hegge likewise has no legal grounds for an argument that the challenged regulations amount to ex post facto laws. The Ex Post Facto Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.' " California Dep't of Corrections v. Morales, 115 S.Ct. 1597, 1601 (1995) (quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990)). Reasonable regulations of the conditions of prison confinement, and reasonable amendments to such regulations, are not punishment, and do not violate the Ex Post Facto Clause. Gilbert v. Peters, 55 F.3d 237 (7th Cir.1995) (quoting Ewell v. Murray, 11 F.3d 482, 485 (4th Cir.1993), cert. denied, 114 S.Ct. 2112 (1994), and Jones v. Murray, 962 F.2d 302, 309 (4th Cir.), cert. denied, 506 U.S. 977 (1992)); see also Morales, 115 S.Ct. at 1602-03. Because the regulations limiting use of funds and possession of personal items by inmates clearly do not impose punishment, they are not subject to an Ex Post Facto challenge.
 
 
 8
 The district court relied largely on Wis.Stat. § 301.32 to dismiss the due process claim challenging the withholding of inmate funds. The statute provides that "[a]ll money including wages and other property delivered to an officer or employe of any institution for the benefit of a prisoner or resident shall be delivered to the steward, who shall enter the property upon his or her books to the credit of the prisoner or resident. The property may be used only under the direction and with the approval of the superintendent or warden...." Wis.Stat. § 301.32. The district court then looked to Escobar v. Landwehr, 837 F.Supp. 284 (W.D.Wis.1993), to determine that prison officials may exercise substantial discretion as to possession of property. See id. at 288-89 (citing cases and Wis.Admin.Code § DOC 309.35). As indicated in Escobar, this court has long held that a property right is that which is "securably and durably yours under ... law, as distinct from what you hold subject to so many conditions as to make your interest meager, transitory, or uncertain." Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir.1983); Escobar, 837 F.Supp. at 288. It was not an abuse of discretion for the district court to rely on Wis.Stat. § 301.32 and Escobar to decide that Hegge lacked a protectable property interest in either incoming money or personal items.
 
 
 9
 Lastly, Hegge's complaint alleges infringement of the right of access to courts through such means as the withholding of inmate funds, a low inmate wage, a ban on memory typewriters, a charge of fifteen cents per photocopy, a deficient law library, and deliberate deprivation of legal assistance. The district court concluded that Hegge had not alleged sufficient facts from which one could infer that his access to the courts had been impeded. In other words, Hegge had not shown an actual injury. See Lewis v. Casey, 116 S.Ct. 2174, 2179-82 (1996). This determination by the district court was correct, and we affirm on that ground. However, although Hegge may not have entitlements to specific pieces of property, he does have a right to meaningful access to the courts, and it is possible that he could state a claim that the alleged restrictions (individually or in combination) caused him actual injury. See id.[3] In light of our earlier discussion of Beauchamp and its implications, we shall modify the judgment as to the access to courts claim to a dismissal without prejudice.[4]
 
 
 10
 We VACATE the judgment insofar as it relates to claims for injunctive and declaratory relief against WCI officials and REMAND with instructions to dismiss the claims as moot. In all other respects we AFFIRM the judgment, though we also MODIFY the judgment to a dismissal without prejudice on the access to courts claim.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Both Hegge and Leslie Schatz, a prisoner whom Hegge listed as a plaintiff the complaint, signed the notice of appeal from the judgment in this case. However, because Schatz was not in fact a plaintiff, he was not a party to the judgment and could not appeal. Hegge also seems to believe that Philip Joiner-EL, another prisoner, is an appellant in this case; but Joiner-EL signed neither the complaint nor the notice of appeal
 
 
 [2]
 This section has been amended and renumbered as § 1915(e) by the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321 (Apr. 26, 1996). Under both versions of the section, a district court is empowered to dismiss as "frivolous" an action by a litigant who wishes to proceed IFP. See 28 U.S.C. § 1915(d) (before Apr. 26, 1996 amendment); 28 U.S.C. 1915(e) (after Apr. 26, 1996 amendment)
 
 
 [3]
 It is somewhat hard to take seriously Hegge's claim of denial of access to the courts, given that he was able to draft a lengthy complaint in this case, and that his opening brief to this court cites over one hundred cases. Nevertheless, we do not foreclose the possibility that Hegge may be able to make a showing of actual injury
 
 
 [4]
 We note, however, that Hegge does not present any argument against another part of the district court's order, which provides that "in the future, the court will permit plaintiff Hegge to proceed pro se on no more than two lawsuits at any given time, unless he first demonstrates good cause, such as an emergency, for allowing him to pursue additional claims." We also note that we do not speculate as to the impact, if any, of the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321 (Apr. 26, 1996), if Hegge were to refile his access to courts claim