114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth P. FAUST, Plaintiff-Appellant,
v.
Al C. PARKE, et al., Defendants-Appellees.
 No. 96-3881.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.*
Decided May 22, 1997.
 ORDER
 
 1
 The Indiana State Prison ("ISP") instituted a moratorium on the repair of inmate-owned word processing equipment. Kenneth Faust, incarcerated at the ISP, filed a civil rights complaint under 42 U.S.C. §§ 1983, 1985(3) and 1986 against several prison officials, which the magistrate judge dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Faust appeals, arguing that he pleaded a cognizable claim under the foregoing sections. We affirm.
 
 
 2
 Faust alleges that on July 3 and August 24, 1994, he purchased word processing hardware at a cost of approximately $300. On February 9, 1995, an interim Superintendent of the ISP, issued a memorandum providing that
 
 
 3
 Until further notice, all orders for electronic typewriters and word processors or sending electronic typewriters and word processors out for repair will be placed on hold. This memorandum is effective immediately.
 
 
 4
 The moratorium was maintained by the current ISP superintendent, who clarified that the policy was instituted on a state wide basis, and that word processing equipment was to be sent home when it became inoperable. Faust claims that the law library maintains two typewriters, but given the heavy demand, this is inadequate for litigation purposes.
 
 
 5
 We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Lashbrook v. Oerkfitz, 65 F.3d 1339, 1343 (7th Cir.1995). A motion to dismiss for failure to state a claim will be granted only if there are no set of facts pled, which if proved, would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). We accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
 
 
 6
 Although Faust's complaint and brief on appeal are convoluted and difficult to follow, he appears to complain that the ISP moratorium deprived him of property and of his right of access to the courts; that it abridged his freedom of speech; that it was an unreasonable seizure of property under the Fourth Amendment; that it was a conspiracy under 42 U.S.C. § 1985(3) to deprive him, as a "prison litigator," of his right to protect his constitutional rights; and that the the ISP neglected to prevent this conspiracy under 42 U.S.C. § 1986.
 
 
 7
 Faust has not been deprived of property as a result of the moratorium. He still retains control over his word processing equipment and only if it becomes inoperable will he need to send it to his home. Even then, he still retains control over it. Such a policy does not result in a deprivation of property. See Williams v. Meese, 926 F.2d 994, 998 (10th Cir.1991) (where ring and postage stamps seized by prison officials and sent to an address of inmate's choosing, there was no deprivation of property); Pryor-El v. Kelly, 892 F.Supp. 261, 271 (D.D.C.1995) (prison official's removal and shipment of inmate's personal property to his home at his expense not a deprivation of property).
 
 
 8
 Faust has not in any sense been deprived of his right of access to the courts by the moratorium against word processing hardware repairs. While he is entitled to "meaningful" access to the courts, Bounds v. Smith, 430 U.S. 817, 823 (1977), such access requires only that he be furnished with basic scribe materials for the preparation of legal papers. Id. at 824. This includes "paper and pen to draft legal documents," Id. (emphasis added), or "some means of writing." Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir.1995). Faust does not allege that he has been deprived of basic scribe materials nor does he cite any court rule requiring pleadings to be typed or printed from a word processor. Moreover, a claim that one has been deprived of access to the courts requires " 'some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation.' " Id. (citation omitted). Faust has alleged no such detriment.
 
 
 9
 Faust's claim under the freedom of speech is also facially inadequate. He has not alleged that the moratorium abridged the content of his speech in any manner. Only the method by which Faust may communicate his speech, should his word processor become inoperable, is affected by the moratorium. See Taylor v. Coughlin, 29 F.3d 39, 40 (2d Cir.1994) (non-content-based restriction on typewriter memory capacity does not impinge on the freedom of speech); Sands v. Lewis, 886 F.2d 1166, 1172 (9th Cir.1989) (freedom of speech not impinged by non-content-based restriction of typewriter memory capacity).
 
 
 10
 Faust's claim under the Fourth Amendment is not recognizable, even if we were to regard the ISP moratorium as a constructive seizure, for the Amendment has no application to property within prison cells. See Hudson v. Palmer, 468 U.S. 517, 526 (1984); Sparks v. Stutler, 71 F.3d 259, 260 (7th Cir.1995); Canedy v. Boardman, 16 F.3d 183 (7th Cir.1984).
 
 
 11
 Faust's claims under sections 1985(3) and 1986 of Title 42 are facially not cognizable. To prevail under section 1985(3) requires a showing of a conspiracy to deprive a person or class thereof of the "equal enjoyment of rights secured by law to all." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). To prevent section 1985(3) from being converted into a "general federal tort law," id., there must be some "racial, or perhaps otherwise class-based, invidiously discriminatory animus" behind the conspirators' actions. Id. (emphasis added). Faust claims that the moratorium was a conspiracy to deprive "jailhouse lawyers" of their constitutional rights. Because this circuit has concluded that a section 1985(3) plaintiff must allege racially motivated discriminatory animus, Bowman v. City of Franklin, 980 F.2d 1104, 1109 (7th Cir.1992); Grimes v. Smith, 776 F.2d 1359, 1366 (7th Cir.1985), Faust has failed to state a claim upon which relief can be granted.
 
 
 12
 Liability under section 1986, for neglecting to prevent the conspired wrongs mentioned in section 1985, is derivative of liability under section 1985, Perkins v. Silverstein, 939 F.2d 463, 472 (7th Cir.1991), and, consequently, Faust's amended complaint is facially inadequate here as well.
 
 
 13
 Faust's state law claims of constructive fraud and breach of an "implied contract by parol evidence" are not redressable under section 1983. See White v. Olig, 56 F.3d 817, 820 (7th Cir.1995); Fraushaar v. Flannigan, 45 F.3d 1040, 1047 (7th Cir.1995). Assuming, however, that these claims are made pursuant to our supplemental jurisdiction, see 28 U.S.C. § 1367, we dismiss the implied contract claim as no facts have been alleged showing that an implied contract existed. All other federal claims having been dismissed, we do not retain jurisdiction of the constructive fraud claim. The dismissal of this case counts as a "strike" under 28 U.S.C. § 1915(g).
 
 
 14
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)