**Michael Warren BANNAN, Plaintiff,**

v.

**Ronald ANGELONE, et al., Defendants.**

**Civil Action No. 96–0051–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Dec. 11, 1996.

---

Michael Warren Bannan, Coffeewood Correctional Center, Mitchells, VA, pro se.

Lance B. Leggitt, Office of Attorney General, Richmond, VA, for Defendants.

KISER, Chief Judge.

### Memorandum Opinion

Plaintiff Michael Warren Bannan has filed this *pro se* civil action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, plaintiff, who is an inmate within the Virginia Department of Corrections ["VDOC"], contends that a new policy adopted by the VDOC in regard to the possession of personal property violates his constitutional rights in a number of respects. Plaintiff names Ron Angelone, Gene Johnson and George Dodson as defendants. He seeks injunctive relief.

The defendants, through counsel, filed a motion to dismiss that, due to the inclusion of documentary support, I shall construe as a motion for summary judgment. *See* Fed. R. Civ. Pro. 12(b)(6). The court notified the plaintiff of the defendants' motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), and warned plaintiff that judgment might be granted for the defendants if plaintiff did not respond to the motion. Plaintiff has responded. Therefore, the motion is now ripe for disposition.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir.1985). summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). However, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed facts for trial. Fed.R.Civ.P. 56(e). If the adverse party fails to show a genuine issue of fact, summary judgment, if appropriate, may be entered against the adverse party.

In the complaint, plaintiff alleges that a new regulation within the VDOC requires inmates to sign a form releasing the VDOC from civil liability in the event that the inmate's personal property is lost or stolen. A copy of the regulations submitted by the defendants reveals that inmates may recover up to $50.00 for lost or damaged personal property, or for a greater monetary amount in certain instances, through the prison grievance procedure. Plaintiff also indicates that a recently issued regulation prohibits inmates from possessing items of property authorized for possession under previous regulations. A review of the regulations further discloses that inmates have until they are transferred or until January 1, 1997, to dispose of disapproved property on their own by destroying it or sending it to a location outside of the prison.

Plaintiff first appears to argue that the foregoing regulations and policies violate some right of his to possess personal property while in prison. I disagree. Prison administrators have broad discretion in the management of correctional institutions.

*Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Unless other rights such as religion or speech are involved, jails may thus constitutionally disallow the possession of personal property. *See Rosson v. Weatherholtz,* 405 F.Supp. 48 (W.D.Va.1975); *Abbott v. McCotter,* 13 F.3d 1439 (10th Cir. 1994). Therefore, I find nothing *per se* unconstitutional in disallowing the possession of certain items of property. Accordingly, I shall grant the defendants' motion for summary judgment as to plaintiff's claim that he has a general right to possess personal property.

 Plaintiff, however, also appears to assert that the policy of disallowing word processors and typewriters prevents him from gaining meaningful access to the courts. Reasonable access by prisoners to both state and federal courts and to communication with attorneys is a guaranteed right. *Ex parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); *see Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). In addition to showing a denial of some item necessary for litigation, however, an inmate must produce evidence of actual injury or specific harm. *Lewis v. Casey,* —— U.S. ——, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Strickler v. Waters,* 989 F.2d 1375 (4th Cir.1993). In fact, in order to establish a claim of constitutional dimensions, an inmate must come forward with something more than vague and conclusory allegations of harm. He must establish a specific prejudice stemming from the denial of the item that he felt was necessary for proceeding in state or federal court. *Strickler, supra.* Plaintiff has presented no specific facts whatsoever indicating any substantial likelihood of prejudice stemming from the denial of a typewriter or word processor. Indeed, I take judicial notice of the fact that many, perhaps most, inmates file civil actions by use of nothing more than the use of pen and paper. Accordingly, I shall grant the defendants' motion for summary judgment as to plaintiff's claim that the new policy hinders his ability to gain meaningful access to the courts.

 Plaintiff next appears to contend that the policy requiring him to release prison officials from liability deprives him of a due process right to post-deprivational remedies for property loss. Insofar as plaintiff intends to argue that he has a right to due process under circumstances in which prison officials deprive him of property by an act of negligence, he has no such due process right. *See Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). If plaintiff wishes to argue that the policy by which he feels aggrieved violates his due process rights by precluding him from seeking redress for intentional deprivations of property, this argument must also fail. "[A]n intentional … deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Copies of the prison regulations submitted by the defendants reveal a provision for the recovery of property or compensation for the loss of property through the prison grievance procedures. To the extent that these procedures are inadequate, plaintiff has waived any additional avenue of redress through his release of civil liability. As with most constitutional rights, plaintiff may knowingly and intelligently waive a right to due process. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (criminal defendant may waive right to have government prove his guilt beyond a reasonable doubt). Accordingly, I shall grant the defendants' motion for summary judgment as to this claim.

 Plaintiff next appears to argue that the policy providing for the confiscation and disposal of non-conforming property violates his due process rights. The deprivation of property may implicate constitutional rights if such deprivation is accomplished without providing the property owner due process of law. *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). *See also Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified

deprivation of ... property"). To determine whether a constitutional violation has occurred, the court must determine what procedural protection the state has provided in conjunction with the policy and whether those procedures were sufficient to ensure that deprivations pursuant to the policy are lawful. *Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). When the deprivation is made pursuant to some official policy, the inmate must be afforded some combination of predeprivation notice and a chance to be heard. *Id.* The property owner should have a chance to be heard before he is deprived of the property whenever such a procedure is feasible. *Id.*

■ In the present case, plaintiff concedes that he received notice of the new policy disallowing items of property that he had previously been permitted to possess. Moreover, plaintiff has been given twelve months in which to dispose of the unauthorized property voluntarily via several procedures. The regulations submitted by the defendants also reveal that inmates are to receive notice of any confiscation pursuant to a policy regarding personal property and a right to appeal the decision before the property is confiscated. *See* Divisional operating Procedure 856–7.16. Therefore, I find that the procedures prescribed by prison regulations for the seizure of non-conforming property satisfy the dictates of the due process clause.[1] *See Zinermon, supra.* Accordingly, I shall grant the defendants' motion for summary judgment as to this claim, as well.

■ Plaintiff next contends that the regulations of which he complains create an "oppressive atmosphere" within the VDOC. The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). However, plaintiff must allege facts sufficient to show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions in order to make out a prima facie case of unconstitutional conditions. *Strickler v. Waters,* 989 F.2d 1375, 1380–1381 (4th Cir.1993). Therefore, even assuming that this "oppressive atmosphere" violated contemporary standards of decency, plaintiff has failed to show any serious injury precipitated by this atmosphere. *See id.* Accordingly, I shall dismiss this claim, as well.

As a final matter, I note that plaintiff has filed a motion for temporary restraining order. Inasmuch as the foregoing disposition of the defendants' dispositive motion renders plaintiff's motion moot, I shall dismiss it upon this reasoning. Another inmate, Steven Whisenant, has also filed a motion to intervene. I shall also dismiss this motion as moot.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of the Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5) or 4(a)(6).

The clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff, to Steven Whisenant and to counsel of record the defendants.

---

1. I also note that, inasmuch as restrictions on the possession of personal property is contemplated by a criminal sentence, plaintiff has no liberty interest in the regulations permitting items of property disallowed by the new regulations. *See Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).