**Don RAAUM d/b/a Specialties Unlimited, Plaintiff and Appellee,**

v.

**Cindy POWERS, Defendant and Appellant.**

**Daniel J. BYARS and April O. Byars, personally and as general guardians of Chris Byars, a minor child, Plaintiffs and Appellees,**

v.

**Deborah KNUTSON, as general guardian for Ryan Knutson, Defendant and Appellant.**

**Civ. Nos. 11181, 11182.**

Supreme Court of North Dakota.

Nov. 18, 1986.

German & Neil, East Grand Forks, Minn., for plaintiff and appellee, in Civ. No. 11181.

Howe & Seaworth, Grand Forks, for defendant and appellant in both cases; argued by Henry H. Howe, Grand Forks.

Thomas B. Jelliff, Grand Forks, for plaintiffs and appellees in Civ. No. 11182.

GIERKE, Justice.

Cindy Powers and Deborah Knutson, defendants in the respective cases before us, appeal separate judgments rendered by the Northeast Central Judicial District in Grand Forks after they had removed their actions from small claims court pursuant to § 27–08.1–04, N.D.C.C. We affirm the judgment in *Raaum v. Powers*, No. 11,181 (N.D.Sup.Ct. filed on February 26, 1986) (*Powers*) and reverse and remand the decision in *Byars v. Knutson*, No. 11,182 (N.D. Sup.Ct. filed on February 26, 1986) (*Knutson*) with instructions.

Both appeals involve similar procedural facts.

In *Powers*, Don Raaum filed an action in Small Claims Court of Grand Forks County against Cindy Powers on June 24, 1985. The time for hearing this matter was set for 3:30 p.m. on Tuesday, July 9, 1985. An Order for Appearance, as well as a document entitled Plaintiffs Claim, were served upon Powers pursuant to the Small Claims Act, Chapter 27–08.1, N.D.C.C. At 3:30 p.m. on July 9, 1985 (the time and day set for hearing this matter), Powers served Raaum with numerous documents including an answer to his claim, third-party complaint, counterclaim for over $30,000, notice for removal of the matter out of small claims court and demand for a jury trial. The small claims hearing was postponed and removed to district court.

On August 28, 1985, Judge A.C. Bakken, presiding judge in the district, assigned the matter to the Honorable Ronald Dosch, judge of Nelson County, for a determination of the issues. However, Judge Bakken limited Judge Dosch's consideration of the matter to the procedural guidelines set forth in the Small Claims Act, Chapter 27–08.1, N.D.C.C. A bench trial was set for October 3, 1985.

On the day of the trial, Powers made a motion requesting that the action be heard as a formal civil trial by jury and asked the court not to limit adjudication of the matter to the informal guidelines in the Small Claims Act. Powers' motion was taken under advisement and the trial proceeded before Judge Dosch. On December 10, 1985, Judge Dosch issued judgment in favor of Raaum and against Powers in the amount of $1,260.00 plus costs. At this same time, a memorandum opinion was issued denying Powers' motion for a formal trial by jury.

In *Knutson*, Daniel Byars filed a claim against Deborah Knutson on May 25, 1984. There is no Order for Appearance or any evidence of a scheduled hearing date in the record. However, Knutson filed an answer, counterclaim praying for an amount greater than $8,000, and notice of removal from small claims court on June 13, 1984. No further action was taken on the claim until August 28, 1985, when Judge Bakken assigned the matter to Judge Dosch, once again limiting his supervision of the matter to the procedures embodied in the Small Claims Act. Judge Dosch set a bench trial date for October 3, 1985.

On October 3, 1985, Knutson filed a motion similar to that made in *Powers*, requesting a formal civil trial by jury. The motion was taken under advisement and a bench trial was held. Judgment was issued on December 16, 1985, in favor of Byars for $145.80. A memorandum opinion denied Knutson's motion of October 3.

Both Powers and Knutson appeal their respective judgments and their appeals are joined pursuant to Rule 3(b), N.D.R.App.P., because the issue presented in each case is the same, to-wit: whether the lower court misinterpreted § 27–08.1–04, N.D.C.C.,

thereby denying Powers and Knutson their "day in court" by limiting the adjudication of their actions to the procedural guidelines of the Small Claims Act. In other words, we are asked to determine what effect the proper "removal" of an action out of small claims court has upon the nature of the claim and the proceedings involved.

The legal process can be expensive, time-consuming, traumatic and often intimidating to members of the public. *Klein v. Hutton*, 49 N.D. 248, 249, 191 N.W. 485, 486 (1922).

> "[E]very lawsuit is a miniature war, in which the respective combatants are bringing into action all their ingenuity, energy and resourcefulness for the purpose of acquiring victory and, like war, when the battle is ended there still remains in the breasts of the participants a certain amount of resentment against their late adversaries." *Klein*, 191 N.W. at 486.

In reaction to the deterring features of the legal system, the state legislature, responding to requests made by the state judiciary and bar, recognized the need for an informal method of dispute resolution in North Dakota and provided for a small claims court in each county. 1971 N.D.Sess.Laws ch. 303 (codified as Chapter 27–08.1, N.D.C.C.).

By creating the small claims court, the legislature achieved two goals. It provided the public with an informal forum for settling minor disputes as well as alleviating some of the congestion in our court system. The small claims court accomplished these goals by eliminating many of the legal technicalities which act to encumber formal legal proceedings and provided an efficient and informal procedure for adjudicating those small claims which were being pursued through the courts. With such a noble and praiseworthy purpose behind it, the Small Claims Act will be construed in favor of maintaining its simplicity and informality. In the two cases now before us, we are asked to interpret § 27–08.1–04, N.D.C.C., and whether the proper removal of an action out of small claims court confers the right to a formal civil trial, including a jury and the appropriate rules of evidence and procedure, upon the defendant.

The Small Claims Act, Chapter 27–08.1, N.D.C.C., is teeming with informalities and measures permitting a judge or referee to adjudicate claims efficiently and simply, *e.g.*, the court's jurisdiction is limited to $2,000 (§ 27–08.1–01, N.D.C.C.); actions are commenced by the plaintiff, who simply files a Claim Affidavit with the court and mails or personally serves it upon the defendant, along with a Notice of Hearing (§ 27–08.1–02, N.D.C.C.); the hearing must be held within a short period of time after service of the affidavit (§ 27–08.1–02, N.D.C.C.); the hearing is informal and no formal pleadings are required (§ 27–08.1–03, N.D.C.C.); no court reporter is required (§ 27–08.1–03, N.D.C.C.); the compulsory counterclaim rule does not apply (§ 27–08.-1–03, N.D.C.C.); legal counsel is not required (§ 27–08.1–03, N.D.C.C.); the court conducts the proceedings and is permitted to make its own inquiry before, during, or after the hearing (§ 27–08.1–03, N.D.C.C.); and a trial by jury is not permitted (§ 27–08.1–03, N.D.C.C.). All of these measures are intended to keep the proceedings simple and informal.

Importantly, it is the plaintiff who elects to proceed in small claims court, and by doing so, waives his right to the formalities that he would be accorded in a regular judicial proceeding. The plaintiff's decision to file an action in small claims court is irrevocable, but it must be remembered that the plaintiff is given the choice of forum in which to proceed with his claim. Section 27–08.1–04, N.D.C.C.

Section 27–08.1–04, N.D.C.C., establishes the procedure available to the defendant for "removal" of an action out of small claims court once he has been served with a Claim Affidavit by the plaintiff:

> "... The defendant waives his right to appeal from the decision of the small claims court upon receiving his order for appearance as required herein, unless he elects to remove the action from the small claims court to a court which

would have jurisdiction over said matter in the absence of the small claims court by filing with the small claims court and serving upon the plaintiff a notice of such removal, and filing with the clerk of the court to which said action is removed a copy of the claim affidavit and the defendant's answer thereto along with the filing fee required for civil actions in said court, not later than forty-eight hours before the hearing set for the appearance of the defendant." Section 27–08.1–04, N.D.C.C.

In keeping with the informal spirit of the Small Claims Act, the defendant must follow a relatively simple procedure in order to remove an action from small claims court. In accordance with § 27–08.1–04, N.D.C.C., the defendant need only serve a Notice of Removal on the plaintiff and then file this notice with the clerk of the small claims court. The defendant then files said Notice of Removal, along with the plaintiff's Claim Affidavit, his Answer and required filing fee in the court the matter is being removed to. Section 27–08.1–04, N.D.C.C. This entire removal procedure must be performed forty-eight hours before the time set for the hearing in small claims court. Section 27–08.1–04, N.D.C.C. By failing to follow the appropriate removal procedures found in Section 27–08.1–04, N.D.C.C., the defendant waives his "right" to a formal trial, thereby submitting his claim to the guidelines and jurisdiction of the small claims court.

In the memorandum opinions issued by the district court in these cases, the court held that the defendants' removal of their actions from small claims court under § 27–08.1–04, N.D.C.C., preserved only their right to appeal. Under the district court's reading of § 27–08.1–04, N.D.C.C., the defendant is not given the same option as the plaintiff to choose the forum which will adjudicate his claim. The defendant is "trapped" in small claims court and the matter is tried in accordance with the informal procedural guidelines present in the Small Claims Act, subject only to his right to appeal. This interpretation of § 27–08.1–04, N.D.C.C., is inconsistent with the purpose of the Small Claims Act. A review of the legislative history of Chapter 27–08.1, N.D.C.C., reveals that the goal of the Act was not to completely preclude small claims from being formally adjudicated but provide a forum to the public for settling minor disputes. The purpose was to create an alternative forum distinctly separate from the "miniature war" that accompanies most lawsuits and free from the intimidating, expensive and time-consuming aspects prevalent in the legal system.

Although we find no case law on point, there is support for this interpretation in *Klein v. Hutton*, 49 N.D. 248, 191 N.W. 485 (1922). *Klein* involved an interpretation of the Conciliation Act of 1921 (1921 Laws of N.D. ch. 38) and not the Small Claims Act. However, the issues involved are analogous to this situation. In *Klein*, the plaintiff appealed judgment rendered against him due to his failure to comply with the provisions of the Conciliation Act. *Klein*, 191 N.W. at 485–86. The Conciliation Act required all civil causes not exceeding $200 to first be submitted to a conciliation board before being litigated through legal process. 1921 Laws of N.D. ch. 38, § 5. If after attempting to reach a settlement through the conciliation board the parties could not agree on a compromise, either party could obtain a certificate of conciliation from any conciliator on the board and pursue a remedy in court. 1921 Laws of N.D. ch. 38, § 12. Klein had failed to submit his claim to the conciliation board, he could offer no certificate at trial, and judgment was entered against him. *Klein, supra,* 191 N.W. at 485–86. Klein appealed, contending, among other things, that he was denied his day in court by the provisions of the Act. *Klein, supra,* 191 N.W. at 489. In reviewing the Conciliation Act, this Court affirmed the decision of the district court and upheld the validity of the Act not only because it encouraged settlement of minor disputes but also because the Conciliation Act afforded the parties the opportunity of pursuing whatever remedies at law they formerly possessed if a compromise was not attained. *Klein, su-*

*pra,* 191 N.W. at 489; 1921 Laws of N.D. ch. 38, § 12. We disagree with the district court's interpretation of the Small Claims Act in these cases for precisely the same reasons.

Additionally, in a review of small claims courts around the country, all states provide some means by which the defendant can have his case heard in a formal civil trial either by transfer prior to the small claims hearing or by appeal from the small claims decision. S. Weller and J. Ruhnka, *Practical Observations on the Small Claims Court,* Nat'l Cen. for St.Cts., Pub. # R0047, p. 31 (1979). In North Dakota, this transfer, or removal, must be accomplished forty-eight hours before the small claims trial. Section 27–08.1–04, N.D.C.C.; Skeen, *Minor Dispute Resolution in North Dakota,* 57 N.D.L.Rev. 163, 172–73 (1981).

We recognize the practical need for alternative means of dispute resolution as embodied in the small claims court. Its advantages are numerous, but in pursuit of such a forum the law should not deprive parties from access to legal process. This idea is not inconsistent with the provisions of the Small Claims Act. The plaintiff is given the initial choice of forum and he exercises this decision by commencing an action either in small claims or other appropriate court. If he chooses the county or district court, both the plaintiff and the defendant are provided with all the protections and benefits available in a formal civil trial. However, once the plaintiff elects to proceed in small claims court, he waives all formal rights and is locked into the provisions of Chapter 27–08.1, N.D.C.C. Section 27–08.1–04, N.D.C.C.

The defendant should not be unilaterally precluded by the plaintiff from seeking the protections of a formal civil hearing. Section 27–08.1–04, N.D.C.C., provides the defendant with the opportunity to decide which legal process he desires. The de- fendant is given the choice of either remaining in small claims court and waiving his right to a formal trial or removing the action to the appropriate court for formal adjudication on the merits. Section 27–08.- 1–04, N.D.C.C. Accordingly, we hold that once a defendant properly removes an action from small claims court under § 27– 08.1–04, N.D.C.C., he has availed himself of all the privileges concomitant to a formal civil trial, including not only the right of appeal, but the right to secure a trial by jury and other traditional aspects of the legal process as well.

■ In applying this analysis to *Powers,* we affirm the lower court's decision since Powers did not timely remove her action out of small claims court. The Small Claims Act sets the temporal limitations on removal of a claim at forty-eight hours prior to the time set for hearing the matter. It is undisputed that notice for removal of this action was not served on Raaum or filed with the court until the time and day set for the hearing in small claims court. Failure to timely remove the claim acts as a waiver by Powers to have the action formally adjudicated in district court.[1]

At his appearance before this Court, counsel for Powers and Knutson seemed to argue that the small claims referee granted removal because of his determination that the defendants should be permitted additional time to transfer their claim from the small claims court due to the mailing extensions involved. This position is unpersuasive and is not substantiated anywhere in the records or briefs. The Small Claims Act is specific in regards to the time for setting a hearing (§ 27–08.1–03, N.D.C.C.) and for removal of a claim into another court (§ 27–08.1–04, N.D.C.C.). These filing provisions are comprehensively set out in order to maintain the simplistic nature of the Small Claims Act. Therefore, we hold that compliance with the filing provisions of Chapter 27–08.1, N.D.C.C., is required.

---

1. Although Powers failed to properly remove the claim, we do not remand the case for hearing in Small Claims Court of Grand Forks County. To do so would serve no valid purpose because Powers has been granted an appropriate hearing in accordance with the law and has not been denied any of the protections of our legal system.

We decline to extend the time requirements as they exist in the Small Claims Act. By granting any exceptions to the removal guidelines of § 27–08.1–04, N.D.C.C., we would erode the effect of the small claims court by complicating the informal procedures involved. The judgment rendered by the district court in *Powers* is in all things affirmed.

█ In *Knutson*, we find nothing in the record relating to the timeliness of the removal and therefore assume that it was proper. Since properly removed, Knutson should have been permitted to have the matter tried in a formal setting. Hearing the lawsuit according to the provisions of the Small Claims Act erroneously deprived her of this privilege. The decision of the district court in *Knutson* is reversed and remanded for a determination on the merits in accordance with the principles set forth in this opinion.

*Raaum v. Powers* is affirmed. *Byars v. Knutson* is reversed and remanded.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.