1997 ND 125

**Anthony TOWNE, Plaintiff and Appellant,**

v.

**Marilyn M. DINIUS, Defendant and Appellee.**

**Civil No. 960388.**

Supreme Court of North Dakota.

June 24, 1997.

Rehearing Denied July 17, 1997.

Anthony Towne, Bismarck, pro se.

Patricia E. Garrity (argued), of Bair, Bormann, Bair & Garrity, PLLP, Mandan, for defendant and appellee.

MARING, Justice.

[¶ 1] Anthony Towne appealed from a judgment dismissing his claims against Marilyn Dinius. We affirm in part, reverse in part, and remand for further proceedings.

[¶ 2] In June 1995 Towne purchased a vehicle from Marilyn Dinius for $500. Although Marilyn Dinius was the registered owner of the vehicle, her husband, George, negotiated the sale of the car on her behalf. Towne asserts that George Dinius told him

the car had its original frame and warranted that the vehicle was "road worthy." Towne further asserts that he subsequently took the vehicle to a mechanic and learned the frame had been altered and the vehicle was not safe to drive. George Dinius died in August 1995.

[¶ 3] Towne brought an action against Marilyn Dinius in small claims court. Dinius removed the action to district court and served discovery requests upon Towne. Deeming Towne's responses inadequate and untimely, Dinius moved to compel discovery and sought costs and attorney fees. The court ordered Towne to provide adequate responses to the discovery requests and to pay $150 in costs and attorney fees to Dinius.[1]

[¶ 4] Dinius moved for summary judgment. The trial court denied the motion for summary judgment but ordered dismissal for failure to state a claim:

> The Motion for Summary Judgment is DENIED. There are material issues of fact. The defendant's request that the claim be dismissed for failure to state a claim upon which relief can be granted is GRANTED. The plaintiff has presented nothing about the defendant's involvement in the sale of the automobile on which relief can be granted against her. Mere co-ownership does not give rise to liability for another co-owner's alleged acts or omissions.

[¶ 5] Towne moved for clarification of the court's order, pointing out that Marilyn was not a co-owner, but sole owner of the vehicle, and that her husband acted as her "spokes person." The court responded by letter:

> This is in response to your "Motion for Court to Clear up Judgment Order." The Answer filed by the defendant alleges the defense of failure to state a claim on which relief can be granted. Rule 12(b) and (c) of the North Dakota Rules of Civil Procedure allow the Court to treat averment of such a defense similar to a motion for summary judgment.
>
> You have never provided any evidence the defendant was involved in this case other than being named on the title of the vehicle as an owner and being present when the sale happened. You fail to state a claim for relief against the defendant, and the Court has the authority to dismiss a complaint for failure to state a claim on which relief can be granted.

Judgment was entered dismissing Towne's claims, and he appealed.

[¶ 6] Towne asserts the trial court erred in dismissing his complaint under Rule 12(b)(v), N.D.R.Civ.P., for failure to state a claim upon which relief could be granted. We agree.

[¶ 7] The purpose of a Rule 12(b)(v) motion is to test the legal sufficiency of the statement of the claim presented in the complaint.[2] *Kouba v. Febco, Inc.*, 543 N.W.2d 245, 247 (N.D.1996). Because determinations on the merits are generally preferred to dismissal on the pleadings, Rule 12(b)(v) motions are viewed with disfavor. *Kouba*, 543 N.W.2d at 247. Accordingly, the court's scrutiny of the complaint should be deferential to the pleader, and the complaint should not be dismissed "unless it appears beyond

---

1. After this order, Towne filed a complaint against the judge with the Judicial Conduct Commission. The judge recused himself and the case was reassigned.

2. We are concerned about use of a Rule 12(b)(v) motion to dismiss a complaint in an action started in small claims court and removed to district court. The small claims procedure is intended to be simple and informal. *Raaum v. Powers*, 396 N.W.2d 306, 308 (N.D.1986). The action is commenced by filing a short claim affidavit; no formal pleadings are required. Section 27–08.1–02, N.D.C.C.; *Raaum*, 396 N.W.2d at 308. If the action is removed to district court, this informal claim affidavit becomes the complaint. *See* Section 27–08.1–04, N.D.C.C.

It is generally unfair to subject such a claim affidavit to the more rigorous procedural requirements of the Civil Rules of Procedure through a Rule 12(b)(v) motion to dismiss for failure to state a claim. At the time the plaintiff drafts the claim affidavit, there is no way of knowing the case may be subject to formal proceedings in an action in district court. We have said that, instead of dismissing an action under Rule 12(b)(v) for inartful pleading when the plaintiff may have a valid claim, it may be more appropriate to grant the plaintiff leave to amend the complaint. *Kouba v. Febco, Inc.*, 543 N.W.2d 245, 248 (N.D.1996). That procedure should be applied when the "complaint" is a claim affidavit originally filed in small claims court.

doubt that the plaintiff can prove no facts which would entitle him to relief." *Rolin Manufacturing, Inc. v. Mosbrucker,* 544 N.W.2d 132, 135 (N.D.1996); *see also Isaac v. State Farm Mutual Automobile Insurance Co.,* 547 N.W.2d 548, 550 (N.D.1996); *Varriano v. Bang,* 541 N.W.2d 707, 711 (N.D. 1996). This court will generally reverse a judgment dismissing a complaint for failure to state a claim whenever we can discern a potential for proof to support it. *Lang v. Bank of North Dakota,* 423 N.W.2d 501, 503 (N.D.1988).

▇ [¶ 8] The trial court's resolution of the motion in this case is perplexing. The court denied the motion for summary judgment, stating there were genuine issues of material fact. The court went on, however, to dismiss the complaint for failure to state a claim, which Dinius had raised as a defense in her answer but had not asserted in her motion. It is entirely inconsistent to find that there are issues of material fact, but to then dismiss because no set of facts could be proved to sustain a claim. By definition, disputed facts are "material" only if resolution of those facts may change the result in the case. *Knight v. North Dakota State Industrial School,* 540 N.W.2d 387, 388 (N.D.1995).

▇ [¶ 9] Furthermore, the trial court clearly considered matters outside the pleadings, yet dismissed under Rule 12(b)(v). When a motion is made under Rule 12(b)(v) and matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment and disposed of under Rule 56, N.D.R.Civ.P. *Wishnatsky v. Huey,* 1997 ND 35, ¶ 12, 560 N.W.2d 878; *Livingood v. Meece,* 477 N.W.2d 183, 187 (N.D.1991). Here, the trial court effectively reversed that procedure. The court should have ruled on the motion under Rule 56 and dismissed only if there were no disputed issues of material fact or inferences to be drawn from undisputed facts, or if only questions of law remained. *Kristianson v. Flying J Oil & Gas, Inc.,* 553 N.W.2d 186, 188 (N.D.1996).

3. The court was also confused about the state of the title to the vehicle. Although the court referred to Marilyn Dinius as a "co-owner" of the

▇ [¶ 10] The basis for the trial court's ruling apparently was that Marilyn Dinius could not be held liable for any misrepresentations made by her husband when he negotiated the sale of her car.[3] Our review of the record reveals disputed issues of material facts and potential legal theories to hold Marilyn liable for her husband's alleged misrepresentations. Viewing the evidence and the pleadings in the light most favorable to Towne, it could be found that George was acting as Marilyn's agent in selling her car; he made misrepresentations and express warranties about the car; and Towne relied upon George's statements and purchased the car from Marilyn. These facts, if proven, may support contract claims for fraud and breach of warranty.

▇ [¶ 11] The trial court concluded, and Dinius argues on appeal, that Marilyn cannot be held liable for George's misrepresentations and statements made in negotiations. However, we have held that fraud, deceit, or misrepresentations of an agent may be imputed to a principle. *Dewey v. Lutz,* 462 N.W.2d 435, 443–444 (N.D.1990). If a salesman at a car dealership misrepresented the condition of a vehicle, the purchaser certainly can sue the dealership for rescission or damages based upon the salesman/agent's conduct. The same rule applies here.

[¶ 12] Dinius asserts a wife cannot be held liable for the wrongs of her husband, citing Section 14–07–08(1), N.D.C.C., and *Bauer v. Graner,* 266 N.W.2d 88 (N.D.1978). Any liability claim against Marilyn is not premised upon her status as George's spouse, but rather is based upon an agency relationship. *Bauer* recognized that a wife could be held liable for her husband's acts if an agency relationship existed. *Bauer,* 266 N.W.2d at 95.

▇ [¶ 13] Dinius also asserts that dismissal is appropriate because any statements made by George during negotiations are inadmissible hearsay, and thus there is no proof that the alleged representations were made. Rule 801(c), N.D.R.Evid., defines

vehicle, the record before the court clearly showed that Marilyn's name alone was on the title and she was the sole owner of the vehicle.

766

"hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." George's statements were not offered to prove the truth of the matter asserted, but rather to show the terms and conditions of the parties' contract. Towne is not seeking to use George's statements to show that the car actually had its original frame and was roadworthy, but merely to prove that George made the statements. As we noted under similar circumstances in *In re Estate of Raketti*, 340 N.W.2d 894, 899 (N.D.1983), such statements "fall within the category of non-hearsay designated as 'verbal acts' or 'verbal conduct.' The utterance of the words is, in itself, an operative fact which gives rise to legal consequences." *See also In re Estate of Starcher*, 447 N.W.2d 293, 297 (N.D.1989). George's statements are not offered to prove the truth of the matter asserted therein, but rather constitute verbal acts which carry independent legal significance. *See Raketti*, 340 N.W.2d at 901.

▇▇▇▇ [¶ 14] Towne asserts the trial court erred in ordering him to pay Dinius $150 in costs and attorney fees as a sanction for discovery violations. Rule 37(a)(4), N.D.R.Civ.P., authorizes the court to award reasonable expenses, including attorney fees, against a party opposing a motion to compel discovery if the party's response or objection is not "substantially justified." The trial court is vested with broad discretion in imposing sanctions for discovery violations, and we will reverse the trial court's decision only upon a showing of an abuse of discretion. *E.g., Mertes v. Walberg*, 548 N.W.2d 378, 380 (N.D.1996); *Lang v. Bank of North Dakota*, 530 N.W.2d 352, 354 (N.D.), *cert. denied*, — U.S. —, 116 S.Ct. 168, 133 L.Ed.2d 110 (1995). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Lang*, 530 N.W.2d at 354. Although we may have ruled differently had we been in the position of the trial court, we cannot say the court acted arbitrarily, unreasonably, or unconscionably. We therefore conclude the court did not abuse its discretion in ordering Towne to pay $150 as costs and attorney fees.

[¶ 15] The order directing that Towne pay Dinius $150 is affirmed. The judgment dismissing Towne's complaint is reversed, and we remand for further proceedings.

[¶ 16] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

