609 N.W.2d 729 (2000)
2000 ND 85
Dale J. BURKE, Plaintiff and Appellant,
v.
NORTH DAKOTA DEPARTMENT OF CORRECTIONS AND REHABILITATION, Defendant and Appellee.
No. 990258.
Supreme Court of North Dakota.
April 25, 2000.
*730 Dale J. Burke, pro se, N.D. State Penitentiary, Bismarck, for plaintiff and appellant. Submitted on brief.
William G. Peterson, Assistant Attorney General, Attorney General's Office, Bismarck, for defendant and appellee. Submitted on brief.
KAPSNER, Justice.
[¶ 1] Dale J. Burke appealed from a judgment dismissing his suit against the North Dakota Department of Corrections and Rehabilitation ("Department"). We hold Burke failed to state a claim upon which relief can be granted. We therefore affirm.

I
[¶ 2] In late 1998 and early 1999, the Department implemented regulations restricting inmates' ability to purchase personal property at the state penitentiary. In February 1999, Burke, an inmate, brought suit against the Department. Burke asserted the Department conspired with Best Commissary, Inc. ("Best") to implement rules that would force inmates "to buy almost all property allowed in these facilities from [Best]" at prices approximately 30% higher than the average retail price. Burke alleged the Department's actions violated his rights to due process and equal protection and imposed cruel and unusual punishment. Burke also implied the arrangement allowed the Department and Best to "monopolize on all inmates." Burke sought reimbursement of unfair profits, an order preventing the Department from enforcing its regulations, and an investigation into the Department's activities.
[¶ 3] The Department moved to dismiss Burke's complaint under N.D.R.Civ.P. 12(b), asserting Burke failed to state a claim upon which relief can be granted. Burke subsequently filed a motion for a temporary restraining order, seeking to prevent the Department from retaliating against him for bringing suit. Burke also filed a supplemental complaint, alleging a new regulation restricting inmates' ability to possess certain items violated his rights. A hearing was held in June. The district court granted the Department's motion to dismiss, and judgment was entered in September 1999. Burke appealed.

II
[¶ 4] In reviewing an appeal from a Rule 12(b) dismissal, we construe the complaint in the light most favorable to the plaintiff, taking as true the allegations in the complaint. Ennis v. Dasovick, 506 N.W.2d 386, 389 (N.D.1993). When a plaintiff has merely imperfectly stated what may be an arguable claim, leave to amend is usually appropriate. Kouba v. Febco, Inc., 543 N.W.2d 245, 248 (N.D. 1996). Further, "it is settled law that the allegations of a prisoner's complaint, however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers." Ennis v. Schuetzle, 488 N.W.2d 867, 870 (N.D.1992) (citation omitted).

A
[¶ 5] Burke argues he pled a valid due process claim.[1] We disagree. An inmate's rights are limited, and prison administrators are afforded broad discretion:
Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction *731 justified by the considerations underlying our penal system. The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectivesincluding deterrence of crime, rehabilitation of prisoners, and institutional security.
In considering the appropriate balance of these factors, we have often said that evaluation of penological objectives is committed to the considered judgment of prison administrators.
Ennis v. Berg, 509 N.W.2d 33, 35 (N.D. 1993) (citation omitted). A prison regulation therefore will not be struck down if it is reasonably related to legitimate penological objectives. Id.
[¶ 6] Prison regulations similar to the ones here have been upheld.[2]See id. at 36 (upholding a regulation allowing cassette tapes to be sent to inmates only directly from publishers); Bannan v. Angelone, 962 F.Supp. 71, 73-74 (W.D.Va.1996) (upholding a regulation precluding inmates from possessing certain items such as word processors and typewriters); Wenzler v. Warden of G.R.C.C., 949 F.Supp. 399, 402 (E.D.Va.1996) (upholding a regulation precluding inmates from possessing items such as typewriters); Avery v. Powell, 806 F.Supp. 7, 12 (D.N.H.1992) (upholding a regulation prohibiting inmates from receiving blank greeting cards sent by nonvendors); see also Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir.1984) (upholding a regulation limiting the amounts and types of personal property protective custody inmates could possess in their cells); Robinson v. Illinois St. Correctional Ctr., 890 F.Supp. 715, 718 (N.D.Ill.1995) (upholding a regulation restricting segregated inmates from possessing certain items such as canned goods).
[¶ 7] Here, the regulations are reasonably related to legitimate penological objectives. The Department has an interest in institutional security. See Ennis v. Berg, 509 N.W.2d at 36 (upholding a regulation limiting inmates' access to taped materials because taped materials could contain contraband or other information detrimental to institutional security); Schuetzle v. Vogel, 537 N.W.2d 358, 360 (N.D.1995) (noting the state has an "important interest in maintaining the confinement of the prisoner and the integrity of its correctional system"). The regulations reduce the risk of inmates' receipt of contraband and weapons because the inmates may only receive goods from the Department's designated supplier. The regulations are a reasonable effort to maintain institutional security. We therefore conclude, as a matter of law, the Department has not violated Burke's due process rights.

B
[¶ 8] Burke argues he pled a valid state antitrust law claim and seeks damages for unfair profits and equitable relief under N.D.C.C. ch. 51-08.1. Under N.D.C.C. § 51-08.1-08(2), "[a] person threatened with injury or injured in that person's business or property by a violation of this chapter may bring an action for appropriate injunctive or other equitable relief, damages sustained and, as determined by the court, taxable costs and reasonable attorney's fees."
[¶ 9] Although the Legislature has recognized the state's potential liability in damages to individuals, it has restricted that liability to specific circumstances as designated in N.D.C.C. ch. 32-12.2, "Claims Against The State." Section 32-12.2-02(1), *732 N.D.C.C., provides "[n]o claim may be brought against the state or a state employee acting within the employee's scope of employment except a claim authorized under this chapter or otherwise authorized by the legislative assembly." Section 32-12.2-02(3)(k), N.D.C.C., provides "[n]either the state nor a state employee may be held liable under this chapter for any of the following claims: ... [a] claim resulting from damage to the property of a patient or inmate of a state institution."
[¶ 10] Neither N.D.C.C. § 51-08.1-08(2) nor N.D.C.C. ch. 32-12.2 authorizes Burke's claim for damages. Consistent with N.D.C.C. § 32-12.2-02(1), the Legislature has expressly authorized actions against the state and state employees in certain situations. See N.D.C.C. § 24-02-15 (providing "any person damaged by any wrongful act or omission of any bonded employee of the department [of transportation] in the performance of his official duties may maintain an action on his bond for the recovery of damages so sustained"); N.D.C.C. § 57-08-01 (providing "[i]f any company whose property has been valued and assessed for taxation purposes by the state board of equalization under the constitution or statutes of this state, or against whom any tax is levied or assessed by said board, feels aggrieved for any reason with the assessment so made, the company may bring an action ... against the state and any subdivisions thereof which may be interested, for relief therefrom"); N.D.C.C. § 32-13-03(1)-(2) (providing "[a]n action may be commenced by ... any person who has a special interest in the action, against the parties offending in the following cases: 1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office... [and] 2. When any public officer... shall have done or suffered an act which by the provisions of law shall make a forfeiture of the officer's office"). Section 51-08.1-08, N.D.C.C., however, does not authorize a person to bring a suit against the state or a state employee and does not refer to such a suit. Moreover, N.D.C.C. § 32-12.2-02(3)(k) expressly bars an inmate's claim resulting from damage to property. Burke's claim is based on injury or threatened injury to his property under N.D.C.C. § 51-08.1-08. Burke thus cannot recover damages.
[¶ 11] Burke's claim for equitable relief turns on whether the remedies he seeks are "appropriate injunctive or other equitable relief" under N.D.C.C. § 51-08.1-08(2). Three factors compel a holding Burke's action for equitable remedies under state antitrust law is not an action for "appropriate injunctive or other equitable relief." First, a claim for injunctive relief requires a clear legal right to the performance of the act, Ennis v. Dasovick, 506 N.W.2d 386, 392 (N.D.1993).[3] Section 51-08.1-08(2), N.D.C.C., does not expressly authorize injunctive action against the state. Further, no section in N.D.C.C. ch. 51-08.1 expressly authorizes a person to seek an injunction against the state. Second, N.D.C.C. § 32-12.2-02(3)(k)'s express exclusion of "claim[s] resulting from damage to the property of ... [an] inmate," shows legislative intent to preclude an inmate's property-related actions against the state. Third, prison administrators have broad discretion, and inmates' rights may lawfully be restricted by regulations which are reasonably related to legitimate penological objectives, such as institutional security. *733 See Ennis v. Berg, 509 N.W.2d 33, 35 (N.D.1993); see also supra text at ¶¶ 5-7. In light of these three factors, we conclude Burke's action for equitable remedies does not constitute an action for "appropriate injunctive or other equitable relief" and, as a matter of law, Burke cannot recover equitable relief under N.D.C.C. § 51-08.1-08(3).
[¶ 12] We hold Burke cannot obtain either damages or equitable relief under N.D.C.C. ch. 51-08.1 and thus did not state an antitrust law claim upon which relief can be granted.

III
[¶ 13] Because Burke failed to state a claim upon which relief can be granted, we affirm the district court's judgment of dismissal.
[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, concur.
NOTES
[1] Burke also alleged the Department violated his right to equal protection and imposed cruel and unusual punishment. The trial court aptly disposed of Burke's equal protection claim, noting Burke did not allege he was treated differently than other inmates. See Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984). Burke's cruel and unusual punishment allegation does not merit discussion.
[2] Although Burke does not specify which regulations he is challenging, the record contains two Department memorandums regarding inmate property policies. One indicates inmates will be prohibited from receiving packages, from possessing more than a designated number of certain electronic items, and from possessing certain types of property. The other indicates inmates will be permitted to order items approved by the property officer and not available at the commissary and "[a]ll other items will be stocked, or can be ordered from the commissary when out of stock."
[3] In Dasovick, we reversed the dismissal of an inmate's suit for damages and equitable relief against individual prison authorities. 506 N.W.2d 386, 393-94 (N.D.1993). The inmate alleged prison authorities' refusal to provide him with eyeglasses caused him serious eye damage. Id. at 388. Acknowledging deliberate indifference to a prisoner's serious medical needs violates the eighth amendment, we concluded the inmate had stated a valid claim. Id. at 390-91. We further noted "[g]enerally, a clear constitutional right to the performance of an act cannot be decided on the pleadings alone" and concluded the inmate may be entitled to injunctive relief against individual prison authorities. Id. at 392. Burke has failed to raise a valid constitutional claim.