2004 ND 74

Sylvester A. DANZL and Marian M. Danzl, Plaintiffs and Appellees

v.

Ron HEIDINGER, Defendant

and

H & R Construction, Inc., Defendant and Appellant.

No. 20030239.

Supreme Court of North Dakota.

April 13, 2004.

Rehearing Denied June 3, 2004.

Sylvester A. Danzl and Marian M. Danzl, Bismarck, N.D., pro se.

Paul H. Myerchin, Bormann & Myerchin, LLP, Bismarck, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] H & R Construction, Inc., appealed from an amended judgment awarding Sylvester and Marian Danzl $4,186 in damages and $2,389.93 for their attorney fees in their action to recover for improperly installed shingles on their home. Because there is no authority for the award of attorney fees, we reverse the award of attorney fees and otherwise affirm the amended judgment.

I

[¶ 2] A June 2001 hailstorm damaged the roof of the Danzls' Bismarck home, and all of the shingles needed to be replaced. The Danzls hired H & R Construction to replace the shingles and paid the company $4,186 when the work was completed in September 2001. Following a minor hail storm one year later, the Danzls had their roof inspected by an insurance claims adjuster, who informed them the damage was caused by improper installation of the new shingles and would not be covered by insurance. Nails were protruding into and through the shingles above them causing the shingles to crack and age prematurely. Between 59 to 69 bulges were visible on the roof. The Danzls contacted Ron Heidinger, the owner of H & R Construction, to repair and reshingle the entire roof, but he offered to only repair the areas of the roof in which there were visible bulges.

[¶ 3] In January 2003, the Danzls sued Heidinger and H & R Construction in small claims court, alleging the shingles were improperly installed and seeking $4,186 in damages. Heidinger and H & R Construction hired an attorney who had the case removed to district court, and the Danzls then hired an attorney to represent them in the case. Following a bench trial, the district court found "more likely than not the entire roof was installed improperly and needs to be replaced." The court found no personal liability on the part of Heidinger, but awarded the Danzls $4,186 in damages against H & R Construction "for replacement of the shingles."

[¶ 4] The Danzls' attorney also requested an award of attorney fees under a theory of "unjust impoverishment." The attorney for H & R Construction argued an award of attorney fees was not authorized by statute. In awarding the Danzls $2,389.93 for their attorney fees, the district court reasoned:

I agree Mr. Myerchin, for what it's worth, a hundred percent with your argument that there isn't a statutory basis to do is [sic]. However I have to say that I'm almost always bothered by cases that are relatively small dollar amounts when somebody chooses to remove it to district court simply because they put the plaintiff in the position of either having to proceed without an attorney at

marked disadvantage or having to pay attorneys fees and I just don't think that's right. I think the whole purpose of small claims court, as we've said—as both parties have said, is to resolve relatively simple dollar amount and factual matters in a cheap and informal basis. I think Mr. Danzl made good faith efforts to do that. Please don't get me wrong Mr. Myerchin, I'm not accusing you of bad faith in any way. I'm just saying that I think better judgment by your client would have been to resolve the matter in small claims court and I think if we're using the term punishment or penalty, it shouldn't be the plaintiff that should be penalized, particularly if the plaintiff prevails in the matter. In this case, just for a legal basis, I do think that Mr. Danzl would be unjustly impoverished if he were forced to pay the attorneys fees.

## II

[¶ 5] The only issue raised by H & R Construction on appeal is whether the district court erred in awarding the Danzls their attorney fees. A district court's decision regarding an award of attorney fees will not be overturned on appeal unless the court has abused its discretion. *In re Estate of Hass*, 2002 ND 82, ¶ 22, 643 N.W.2d 713.

[¶ 6] We have consistently held that, absent statutory or contractual authority, the American Rule assumes each party to a lawsuit bears its own attorney fees. *See, e.g., Western Nat'l Mut. Ins. Co. v. University of North Dakota*, 2002 ND 63, ¶ 49, 643 N.W.2d 4; *Fisher v. American Family Mut. Ins. Co.*, 1998 ND 109, ¶ 23, 579 N.W.2d 599; *Zuern v. Jensen*, 336 N.W.2d 329, 330 (N.D.1983). Consequently, in the absence of express statutory or contractual authorization, attorney fees incurred by a plaintiff in litiga-

tion are not recoverable as an item of damages, *see Nord v. Herrman*, 1998 ND 91, ¶ 27, 577 N.W.2d 782, because attorney fees "are not a legitimate consequence of the tort or breach of contract." *Farmers Union Oil Co. v. Maixner*, 376 N.W.2d 43, 48 (N.D.1985). *See also Barsness v. General Diesel & Equip. Co., Inc.*, 422 N.W.2d 819, 827 (N.D.1988) (recognizing attorney fees and expenses may be recovered if they constitute damages from the breach of a contract, but not if they are incurred in proving the breach). Successful litigants are also not automatically entitled to attorney fees unless authorized by contract or statute. *See In re Estate of Lutz*, 2000 ND 226, ¶ 33, 620 N.W.2d 589.

[¶ 7] In this case, the district court did not find that H & R Construction's pleadings were frivolous or that it acted in bad faith, but based the award of attorney fees on the doctrine of "unjust impoverishment." The Danzls did not cite to the district court or to this Court, nor have we found, any authority for awarding attorney fees under a theory of "unjust impoverishment." This Court has said that unjust enrichment may serve as the basis for an award of attorney fees. *See Nygaard v. Robinson*, 341 N.W.2d 349, 360 (N.D.1983); *Winkler v. Gilmore & Tatge Mfg. Co., Inc.*, 334 N.W.2d 837, 838 (N.D. 1983); *Conrad v. Suhr*, 274 N.W.2d 571, 575 (N.D.1979). However, among the elements required to establish unjust enrichment are an enrichment to the defendant, an impoverishment to the plaintiff, and a connection between the enrichment and the impoverishment. *See Zuger v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 135, 138 (N.D.1992). Although the Danzls may have been impoverished to the extent of the legal fees paid for representation in district court, H & R Construction certainly experienced no enrichment connected to that impoverishment. Therefore, the doc-

trine of unjust enrichment cannot support the award of attorney fees.

[¶ 8] The basic premise for the award of attorney fees appears to be the district court's perception of unfairness to the Danzls for hiring and paying an attorney to represent them only after H & R Construction, through an attorney, removed the case from small claims court to district court, coupled with the court's belief that the case should have remained in small claims court. We agree the procedure under the Small Claims Act, N.D.C.C. ch. 27–08.1, is intended to be simple and informal. *See Freed v. Unruh,* 1998 ND 34, ¶ 8, 575 N.W.2d 433; *Towne v. Dinius,* 1997 ND 125, ¶ 7 n. 2, 565 N.W.2d 762. The Act "establishes an informal forum for resolving minor disputes" and "eliminates several legal formalities that encumber the usual lawsuit." *Svanes v. Grenz,* 492 N.W.2d 576, 578 (N.D.1992). However, the Act balances the procedural rights of a plaintiff and a defendant concerning the choice of a formal or an informal forum. Although the plaintiff is given the initial choice of forum to commence an action in small claims court, N.D.C.C. § 27–08.1–04 provides the defendant with the opportunity to decide whether a more formal legal process is used so the defendant is not "unilaterally precluded by the plaintiff from seeking the protections of a formal civil hearing." *Raaum v. Powers,* 396 N.W.2d 306, 310 (N.D.1986). A defendant has the right to seek removal of an action from small claims court to "avail[ ] himself of all the privileges concomitant to a formal civil trial, including not only the right of appeal, but the right to secure a trial by jury and other traditional aspects of the legal process as well." *Id.* These rights are lost if the action remains in small claims court. *See Whitaker v. Cen-*

*tury 21,* 466 N.W.2d 114 (N.D.1991); *Kostelecky v. Engelter,* 278 N.W.2d 776, 779 (N.D.1979).

[¶ 9] We recognize that the removal provisions of N.D.C.C. § 27–08.1–04 may be subject to abuse by represented defendants who seek only to intimidate self-represented plaintiffs. Here, the district court specifically found H & R Construction did not act in bad faith. Furthermore, being "forced to incur 'attorney's fees and expenses' " to prosecute or defend a legal action does not alone justify an award of attorney fees. *State Farm Mut. Auto. Ins. Co. v. Estate of Gabel,* 539 N.W.2d 290, 294 (N.D.1995). If changes are required concerning the award of attorney fees in the context of small claims court actions, those arguments should be addressed to the Legislature.

[¶ 10] Because there is no authority for the award of attorney fees, we conclude the district court abused its discretion in awarding the Danzls attorney fees in this case.

### III

[¶ 11] We reverse the amended judgment insofar as it awards the Danzls $2,389.93 in attorney fees. The amended judgment is otherwise affirmed.

[¶ 12] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM.