Filed 7/6/05 by Clerk of Court of Appeals

COURT OF APPEALS

STATE OF NORTH DAKOTA

2005 ND App 10

John J. Gosbee, Plaintiff and Appellant

v.

Rob Martinson; Eskrawl, Inc.; 

Mailwiper, Inc.; Spy Deleter, Inc.; Defendants and Appellees

and

John and Mary Does 001 

through 100; and 

Doe & Doe, Inc. 101-200, Defendants

No. 20050056CA

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Ronald L. Hilden, Judge.

REVERSED AND REMANDED.

Per Curiam.

John J. Gosbee, pro se, 103 3rd Avenue Northwest, Mandan, N.D. 58554-

3129.

Mitchell D. Armstrong (argued) and Scott K. Porsborg (appeared), Smith Bakke Oppegard Porsborg Wolf, P.O. Box 460, Bismarck, N.D. 58502-0460, for defendants and appellees.

Gosbee v. Martinson

No. 20050056CA

Per Curiam.

[¶1] John Gosbee has appealed from a judgment dismissing his RICO action against Rob Martinson, Eskrawl, Inc., Mailwiper, Inc., and Spy Deleter, Inc.  We reverse and remand for further proceedings.

I

[¶2] In March 2004, Gosbee’s computers at his home and office became infected with a spyware program.  Initially, the program caused his CD-ROM disc drive drawers to open, and he heard an audible signal indicating an error had occurred.  Pop-up ads appeared for a “Spy Wiper” program to remove spyware programs from the computer.  One ad stated:

FINAL WARNING!!

If your cd-rom drive(s) open . . .

You DESPERATELY NEED to rid your system of spyware pop-ups IMMEDIATELY!

Dangerous computer programs can control your computer hardware if you fail to protect your computer right at this moment!

Download Spy Wiper NOW!

The program also changed the homepage on Gosbee’s computer to one which included numerous ads for the “Spy Wiper” program.  Gosbee alleges his computers have been infected by this spyware program on at least five separate occasions.

[¶3] Gosbee eventually traced the “Spy Wiper” program to Martinson and three companies allegedly controlled by Martinson.  Gosbee alleges that Martinson and his companies intentionally “highjacked” his computers in a fraudulent scheme to create sales of their “Spy Wiper” program.  Gosbee sued Martinson and the three companies (hereafter collectively “Martinson”) alleging RICO violations, and sought damages, treble damages, and attorney fees.  Gosbee also sought certification of the lawsuit as a class action.

[¶4] Martinson moved for dismissal of the complaint under N.D.R.Civ.P. 12(b)(6) for failure to state a claim, or alternatively for summary judgment.  Martinson alleged that any “highjacking” of Gosbee’s computers was caused by one of Martinson’s marketing affiliates, and he was not responsible for the actions of the affiliate.  The trial court granted Martinson’s motion for dismissal,
(footnote: 0) and judgment was entered dismissing the action and awarding costs and disbursements to Martinson.

[¶5] Gosbee filed written objections to the award of costs and disbursements, and also filed a separate motion for reconsideration and to amend his complaint.  The trial court, without holding a hearing, summarily denied Gosbee’s objections and motion.  Gosbee has appealed, alleging that the trial court erred in failing to hold a hearing on his objections and motion, and that the trial court erred in denying his motion to amend the complaint.

II

[¶6] The dispositive issue on appeal is the trial court’s failure to hold a hearing on Gosbee’s objections to costs and disbursements and on the motion for reconsideration and to amend the complaint.

[¶7] Rule 54(e)(1), N.D.R.Civ.P., governs objections to costs and disbursements and specifically states that, if objections are filed, “the clerk shall promptly submit them to the judge who ordered the judgment” and the court “by ex parte order shall fix a time for hearing the objections.”  The rule further provides that the parties may waive the right to a hearing.  Gosbee filed timely objections to the costs and disbursements, did not waive his right to a hearing, and in fact requested that a hearing be set under N.D.R.Civ.P. 54(e)(1).  The rule is mandatory and affords no discretion to the trial court to dispense with the required hearing, unless expressly waived by the parties.  Accordingly, the trial court erred in failing to hold a hearing on Gosbee’s objections to costs and disbursements.

[¶8] Gosbee’s motion for reconsideration and to amend the judgment was submitted under N.D.R.Ct. 3.2, and included an express request for a hearing.  Rule 3.2 provides that, if any party who has timely served and filed a brief requests oral argument, “the request must be granted.”  The Supreme Court has consistently held that the language of Rule 3.2 is mandatory, and the trial court does not have discretion to refuse to hold a hearing when one has been properly requested.  
See
, 
e.g.
, 
Syvertson v. State
, 2000 ND 185, ¶ 10, 620 N.W.2d 362; 
In re Adoption of J.S.P.L.
, 532 N.W.2d 653, 657 (N.D. 1995); 
In re Norman
, 521 N.W.2d 395, 397 (N.D. 1994); 
Ennis v. Berg
, 509 N.W.2d 33, 38 (N.D. 1993); 
Anton v. Anton
, 442 N.W.2d 445, 446 (N.D. 1989).  Accordingly, if Gosbee’s request for oral argument was properly submitted, he was entitled to a hearing and the trial court erred in refusing to provide one.

[¶9] Martinson argues Gosbee’s request for a hearing was incomplete because Gosbee did not secure a time for the hearing.  The rule places the burden on the moving party to secure a time for the hearing and to serve notice thereof to opposing parties.  
See
 N.D.R.Ct. 3.2(a).  If a party does not attempt to secure a time for oral argument, the request for oral argument is deemed incomplete.  
See
 
Syvertson
, 2000 ND 185, ¶¶ 10-11, 620 N.W.2d 362; 
J.S.P.L.
, 532 N.W.2d at 657; 
Huber v. Oliver County
, 529 N.W.2d 179, 183 (N.D. 1985).  In this case, Gosbee contacted the clerk of court’s office on January 24, 2005, to schedule a hearing, and was told the clerk would check the judge’s schedule and call Gosbee back.  Gosbee then served and filed the motion, providing a notice of hearing and stating that notice of the exact time and date would be served when the information was available.  On January 25, the calendar control clerk left a message for Gosbee indicating that the judge was presently reviewing the case, “so I’m not going to be setting it up for a hearing until I hear something from him.”  Gosbee did not hear back from the clerk, and a few days later the trial court denied the motion in a one-line order dated February 1, 2005.

[¶10] Gosbee did all he was required to do to secure the hearing.  Certainly the rule does not envision that the trial court can surreptitiously deny a mandatory hearing by simply failing to provide a date for a hearing when requested by the moving party.  This case is distinguishable from the cases cited by Martinson, in which the moving parties filed written requests for oral argument with their motions but never contacted the clerk of court’s office to secure a date for hearing.  
See
 
Syvertson
, 2000 ND 185, ¶¶ 10-11, 620 N.W.2d 362; 
J.S.P.L.
, 532 N.W.2d at 657; 
Huber
, 529 N.W.2d at 183.  Gosbee filed a proper and timely request for a hearing under Rule 3.2, and made a sufficient attempt to secure a date for the hearing.  Accordingly, the trial court’s failure to provide a hearing was error.

[¶11] Martinson contends that, if the trial court’s failure to provide a hearing on Gosbee’s objections and motion was erroneous, the error was harmless under N.D.R.Civ.P. 61.  Under the rule, the “court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.”  N.D.R.Civ.P. 61.

[¶12] We conclude the trial court’s erroneous failure to provide a mandatory hearing on Gosbee’s objections to costs and disbursements, and on his motion for reconsideration and to amend his pleadings, affected his substantial rights and was not harmless error.  It is impossible to determine what effect oral argument may have had on the trial court’s exercise of its discretion in allowing costs, allowing reconsideration, or allowing amendment of the complaint.  In this regard, we specifically note the Supreme Court’s prior admonitions that, because determinations on the merits are generally preferred to dismissal on the pleadings under N.D.R.Civ.P. 12(b)(6), the court’s scrutiny of the complaint must be highly deferential to the pleader and the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no facts which would entitle him to relief.  
See
, 
e.g.
, 
Rose v. United Equitable Ins. Co.
, 2001 ND 154, ¶ 10, 632 N.W.2d 429; 
Towne v. Dinius
, 1997 ND 125, ¶ 7, 565 N.W.2d 762; 
Rolin Mfg., Inc. v. Mosbrucker
, 544 N.W.2d 132, 135 (N.D. 1996).  When it appears that a plaintiff may have some claim, although the pleadings are inartfully drafted, leave to amend the complaint rather than dismissal under N.D.R.Civ.P. 12(b)(6) is usually a more appropriate course of action.  
Burke v. North Dakota Dep’t of Corr. & Rehab.
, 2000 ND 85, ¶ 4, 609 N.W.2d 729; 
Towne
, at ¶ 7 n.2; 
Kouba v. Febco, Inc.
, 543 N.W.2d 245, 248 (N.D. 1996).

[¶13] When a trial court has erroneously failed to provide a required hearing, the appropriate remedy is a remand for a hearing.  
See
 
J.S.P.L.
, 532 N.W.2d at 657.  Accordingly, we reverse the judgment dismissing Gosbee’s complaint and remand for a hearing on the objections to costs and disbursements and on the motion for reconsideration and to amend the complaint.

[¶14] Bruce Bohlman, S.J.

Everett Nels Olson, S.J.

Norman J. Backes, S.J.

FOOTNOTES
0:
1
Although the trial court did not expressly state whether the dismissal was for failure to state a claim under N.D.R.Civ.P. 12(b)(6) or on summary judgment under N.D.R.Civ.P. 56, the trial court’s memorandum opinion cites to N.D.R.Civ.P. 12(b)(6) and the court’s analysis is based upon failure of the pleadings to state a claim upon which relief could be granted.  Accordingly, we treat it as a dismissal under N.D.R.Civ.P. 12(b)(6) for failure to state a claim.